# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     Key Therapeutics, LLC, Debtor          Case No. 26-00106-JAW

                                                  CHAPTER 7

## MOTION TO DISPENSE WITH APPOINTMENT OF PATIENT CARE OMBUDSMAN

COMES NOW the Debtor, Key Therapeutics, LLC (the "Debtor"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 333(a)(1) respectfully moves the Court for entry of an order dispensing with the appointment of a patient care ombudsman, and in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)

3. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 15, 2026.

4. The Debtor identified itself as a "health care business" within the meaning of 11 U.S.C. § 101(27A).

5. Based on that designation, the Court entered an order directing the United States Trustee to appoint a patient care ombudsman pursuant to 11 U.S.C. § 333(a).

6. Although the Debtor operated as a licensed pharmacy/manufacturer, it did not provide patient care, medical services, or dispense drugs directly to consumers or patients.

7. The Debtor's business model was limited to the manufacture and sale of pharmaceutical products exclusively to wholesalers and distributors, not to end-user patients.

8. The Debtor did not maintain patient records, did not counsel patients, and did not interact with or treat individuals in any clinical or consumer-facing capacity.

9. As of the petition date, and continuing post-petition, the Debtor has ceased operations entirely. The Debtor is no longer manufacturing, distributing, or selling pharmaceutical products, and no restart of operations is contemplated.

10. There are no patients, customers, or individuals whose health, safety, or welfare could be affected by the administration of this bankruptcy case

11. Section 333(a)(1) requires appointment of a patient care ombudsman unless the Court finds that such appointment is "not necessary for the protection of patients under the specific facts of the case."

12. Courts routinely dispense with the appointment of a patient care ombudsman where:

    a. the debtor does not provide direct patient care;

    b. there are no current patients;

    c. the business has shut down; or

    d. the appointment would serve no practical purposes and only add unnecessary administrative expense.

13. Under the specific facts of this case, appointment of a patient care ombudsman is unnecessary and unwarranted.

14. Here are no patients to protect, no ongoing operations, and no risk of interruption to patient care.

15. Requiring the appointment of an ombudsman would impose unnecessary costs on the estate with no corresponding benefit.

16. Dispensing with the appointment is consistent with the plain language of § 333(a)(1) and the purpose of the statute.

WHEREFORE, Debtor respectfully requests that the Court enter an order: Dispensing with the appointment of patient care ombudsman in this case; Vacating or modifying any prior order directing such appointment; grating such other and further relief as the Court deems just and proper.

                                      Respectfully submitted

                                      /s/ Thomas C. Rollins, Jr.
                                      Thomas C. Rollins, Jr. (MS Bar No. 103469)

Of Counsel:
Thomas C. Rollins, Jr.
The Rollins Law Firm, PLLC
P.O Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

## CERTIFICATE OF SERVICE

      I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Motion was forwards on January 23, 2026, to:

      By Electronic CM/ECF Notice:

            Stephen Smith, Chapter 7 Trustee
            trustee@hrkcpa.com

            U.S. Trustee
            USTPRegion05.JA.ECF@usdoj.gov

                              <u>/s/ Thomas C. Rollins, Jr.</u>
                              Thomas C. Rollins, Jr. (MSBN 103469)