**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**In Re:**

| | |
|---|---|
| **KEY THERAPEUTICS, LLC** | **Case No.:** 26-00106-JAW |
| **DEBTOR.** | **Chapter:** 7 |

**CITIZENS BANK'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT REGARDING ACCOUNTS RECEIVABLE**

The Citizens Bank of Philadelphia ("Citizens Bank" or "Citizens"), a secured creditor and party in interest in this Chapter 7 Bankruptcy Case (the "Bankruptcy Case") of Debtor Key Therapeutics, LLC (the "Debtor"), submits this Motion for Relief from Automatic Stay and Abandonment (the "Motion") pursuant to §§ 362 and 554 of the United States Bankruptcy Code and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure seeking entry of an Order allowing Citizens to proceed with notification and direct collection and application of the accounts receivable of Debtor Key Therapeutics, LLC (the "Debtor") for application by Citizens to the outstanding indebtedness due and owed to Citizens by the Debtor, and in support shows as follows:

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C.§§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## I. Background

2. On or about March 15, 2024, the Debtor sought out and obtained from Citizens Bank a commercial loan in the original principal amount of $2,531,824.25 (the "Loan"), which Loan is evidenced by, among other documents, a Business Loan Agreement, Commercial Security Agreement, and Promissory Note dated and effective March 15, 2024, which Loan was subsequently renewed and extended as evidenced by, among other documents, a Business Loan Agreement, Commercial Security Agreement, and Promissory Note entered into and executed by the Debtor and Citizens (collectively, the "Loan Documents"). As security for the timely repayment and satisfaction of all amounts owed and to become owed to Citizens by the Debtor under the terms and conditions of the Loan and Loan Documents, the Debtor granted first-priority liens upon and security interests in all assets and interests of the Debtor including but not limited to all intellectual property, accounts, accounts receivable, inventory, and general intangibles now owned or acquired later and all related proceeds and otherwise as further described in the duly recorded and properly perfected Security Agreements and UCC-1's and continuations as to the same (collectively, the "Security Instruments").

3. Citizens timely and properly filed its Proof of Claim in this Bankruptcy Case evidencing its secured claim and properly and duly perfected first-priority security interests in and liens upon all assets and interests of the Debtor including those described above and further in the Security Instruments (collectively, the "Collateral"), which Proof of Claim (Claim Register No. 2) and all exhibits and

supporting documents filed therewith (herein, "Citizens' POC") is hereby incorporated by reference fully into this Motion for all purposes. Exhibits to Citizens' POC include true and correct copies of the Loan Documents and Security Instruments entered into and executed by and between the Debtor and Citizens in connection with the Loan.

4. The Debtor defaulted under the terms and conditions of the Loan Documents by, among other things, failing to timely make all required payments when due, and the Debtor thereafter failed to cure its default.

5. The Debtor thereafter initiated its Bankruptcy Case by filing of its Chapter 7 voluntary petition in this Court (Dkt. #1), and in its filings in this Bankruptcy Case the Debtor has reported a stated value as of the petition date of its accounts receivable – which is Citizens' Collateral – of $160,124.58 (*see* Dkt. 11, p.5).

6. The Debtor owes Citizens at least $1,908,021.58 under the terms and conditions of the Loan as of the petition date plus attorneys' fees, costs and expenses and other costs and expenses incurred by Citizens through and including the petition date as provided by the terms of the Loan Documents and Security Instruments (the "Indebtedness"). Interest continues to accrue daily on the outstanding balance at the note rate of 8.55%, and Citizens is continuing to incur attorneys' fees, costs and expenses, and other fees and expenses in connection with enforcing and seeking to reduce the Indebtedness past due and owed in full to Citizens by the Debtor under the Loan and terms and conditions of the Loan Documents and Security Instruments, which amounts are a part of the Indebtedness secured by Citizens' first-priority

properly perfected liens upon and security interests in all Collateral, including the Debtor's accounts receivable.

## II. Law and Argument

1. Citizens is the holder of a valid, effective and enforceable and properly perfected first-priority lien upon and security interest in the Debtor's accounts receivable as security for repayment of all amounts owed and becoming owed to Citizens by the Debtor in connection with the Loan as is demonstrated by, among other things, Citizens' duly recorded Security Instruments submitted in support of Citizens' timely filed Proof of Claim (Claim Register #2) incorporated fully herein by reference for all purposes as discussed above.

2. Citizens Bank requests that the Court grant Citizens relief from the automatic stay with respect to the accounts receivable to the extent necessary in order to allow Citizens to directly receive and collect, and apply to the Indebtedness due and owed to Citizens by the Debtor, the Debtor's accounts receivable.

3. Further, the automatic stay should be lifted as to the accounts receivable because the Debtor lacks equity in these receivables and they are not necessary to reorganization of the estate in this Chapter 7 case. *See* 11 U.S.C. § 362(d)(2); *In re Young,* No. 06-80534-MI, 2007 WL 128280 at *9 (Bankr. S.D. Tex. Jan. 10, 2007) ("This is a chapter 7 liquidating bankruptcy. It is not a reorganization bankruptcy. Accordingly, this prong of the § 362(d)(2) test is satisfied as a matter of law.").

4. As indicated above, the Debtor owes Citizens Bank exponentially more than the value of the accounts as valued by the Debtor in its filings in this Bankruptcy

Case. As reported by the Debtor herein, the Debtor lacks any equity interest in the accounts. Because the requirements of 11 U.S.C. § 362(d)(2) are satisfied, the stay should be lifted as to the accounts receivable.

5. This Court should also order the Debtor to abandon any interest held by the Debtor with respect to the accounts receivable from the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 554(b) because any such interest is burdensome to the bankruptcy estate and/or of inconsequential value and benefit to the bankruptcy estate.

6. Citizens respectfully submits that, on the grounds demonstrated and discussed above, together with any additional or other arguments and grounds as may be submitted by Citizens in connection with any hearing on this Motion, relief from the automatic stay in favor of Citizens is proper concerning the accounts receivable to the extent necessary to allow Citizens to obtain, secure, and directly collect and receive all accounts receivable, amounts owed related thereto and proceeds of the same, including those which may have already been paid and/or collected or otherwise in possession, custody or control of any party other than Citizens, all such amounts and to apply them to the Indebtedness owed by the Debtor to Citizens as evidenced by Citizens POC filed herein. Citizens further respectfully submits that the Debtor should be ordered to abandon the accounts receivable.

### III. Relief

For these reasons, and others to be stated at any hearing on this Motion, Citizens Bank respectfully requests that this Motion be granted and an Order be

entered (a) granting Citizens relief from the automatic stay of Section 362 of the Bankruptcy Code concerning the accounts receivable of the Debtor and all amounts received for, proceeds from, or otherwise already received or paid concerning the accounts receivable in favor of Citizens to the extent necessary to allow Citizens to obtain, secure, directly collect and receive all amounts currently or to become accounts receivable of the Debtor and to allow Citizens to apply the same to the Indebtedness due and owed to Citizens by the Debtor under the Loan and pursuant to the terms of the Loan Documents and Security Instruments, and (b) ordering that the accounts receivable and associated rights of payment, accounts, and proceeds be abandoned from the bankruptcy estate of the Debtor, and (c) granting Citizens any other or further relief to which it may be entitled

        Respectfully submitted,

        **PHELPS DUNBAR LLP**

      By: */s/ Sarah Beth Wilson*
        Sarah Beth Wilson (MSB 103650)
        Andrew R. Norwood (MSB 105087)
        PHELPS DUNBAR, LLP
        1905 Community Bank Way, Suite 200
        Flowood, MS 39232
        Telephone: (601) 360-2300
        Facsimile: (601) 360-9777
        sarah.beth.wilson@phelps.com
        drew.norwood@phelps.com

        *Attorneys for The Citizens Bank of Philadelphia*

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was filed through CM/ECF, which sent notice to all counsel of record.

Dated: March 16, 2026.

*/s/ Sarah Beth Wilson*
Of Counsel
