**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**In Re:**

| | | |
|---|---|---|
| **KEY THERAPEUTICS, LLC** | **Case No.:** | **26-00106-JAW** |
| **DEBTOR.** | **Chapter:** | **7** |

**CITIZENS BANK'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT REGARDING CITIZENS ACCOUNT (\*\*\*2026)**

The Citizens Bank of Philadelphia ("Citizens Bank" or "Citizens"), a secured creditor and party in interest in this Chapter 7 Bankruptcy Case (the "Bankruptcy Case") of Debtor Key Therapeutics, LLC (the "Debtor"), submits this Motion for Relief from Automatic Stay and Abandonment (the "Motion") pursuant to §§ 362 and 554 of the United States Bankruptcy Code and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure seeking entry of an Order allowing Citizens to proceed with application of the funds on deposit at Citizens in account \*\*\*\*2026 (the "Citizens Account") in the name of the Debtor Key Therapeutics, LLC (the "Debtor") to the outstanding indebtedness due and owed to Citizens by the Debtor, and in support shows as follows:

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C.§§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## I. Background

2.      On or about March 15, 2024, the Debtor sought out and obtained from Citizens Bank a commercial loan in the original principal amount of $2,531,824.25 (the "Loan"), which Loan is evidenced by, among other documents, a Business Loan Agreement, Commercial Security Agreement, and Promissory Note dated and effective March 15, 2024, which Loan was subsequently renewed and extended as evidenced by, among other documents, a Business Loan Agreement, Commercial Security Agreement, and Promissory Note entered into and executed by the Debtor and Citizens (collectively, the "Loan Documents"). As security for the timely repayment and satisfaction of all amounts owed and to become owed to Citizens by the Debtor under the terms and conditions of the Loan and Loan Documents, the Debtor granted first-priority liens upon and security interests in all assets and interests of the Debtor including but not limited to all intellectual property, accounts, accounts receivable, inventory, and general intangibles now owned or acquired later and all related proceeds and otherwise as further described in the duly recorded and properly perfected Security Agreements and UCC-1's and continuations as to the same (collectively, the "Security Instruments").

3.      Citizens timely and properly filed its Proof of Claim in this Bankruptcy Case evidencing its secured claim and properly and duly perfected first-priority security interests in and liens upon all assets and interests of the Debtor including those described above and further in the Security Instruments (collectively, the "Collateral"), which Proof of Claim (Claim Register No. 2) and all exhibits and

supporting documents filed therewith (herein, "Citizens' POC") is hereby incorporated by reference fully into this Motion for all purposes. Exhibits to Citizens' POC include true and correct copies of the Loan Documents and Security Instruments entered into and executed by and between the Debtor and Citizens in connection with the Loan.

4. The Citizens Account and funds on deposit therein are part of Citizens' Collateral pursuant to and as provided by the terms of the Security Instruments and Loan Documents, the Security Instruments and Loan Documents provide that Citizens has the right of setoff of all account funds, proceeds, revenue and accounts receivable including all funds on deposit in the Citizens Account, and Citizens has on all dates and at all times maintained control of the account and funds on deposit in the account which is and has on all relevant dates been maintained at Citizens as a part of its Collateral.

5. The Debtor defaulted under the terms and conditions of the Loan Documents by, among other things, failing to timely make all required payments when due, and the Debtor thereafter failed to cure its default.

6. The Debtor thereafter initiated its Bankruptcy Case by filing of its Chapter 7 voluntary petition in this Court (Dkt. #1), and has reported in its filings that the balance of the Citizens Account on or around the petition date is $136,765.78 (*see* Dkt. # 11).

7. The Debtor owes Citizens at least $1,908,021.58 under the terms and conditions of the Loan as of the petition date plus attorneys' fees, costs and expenses

and expenses incurred by Citizens through and including the petition date as provided by the terms of the Loan Documents and Security Instruments (the "Indebtedness"). Interest continues to accrue daily on the outstanding balance at the note rate of 8.55%, and Citizens is continuing to incur attorneys' fees, costs and expenses, and other fees and expenses in connection with enforcing and seeking to reduce the Indebtedness past due and owed in full to Citizens by the Debtor under the Loan and terms and conditions of the Loan Documents and Security Instruments. The total Indebtedness amount owed to Citizens under the Loan and pursuant to the terms and conditions of the Loan Documents and Security Instruments is secured by Citizens properly perfected first-priority lien upon and security interest in all Collateral, including but not limited to the Citizens Account and all funds on deposit therein.

8. Citizens Bank has placed a temporary administrative hold on the Citizens Account as permitted by well-established law pending the outcome of this Motion (*see Citizens Bank of Myld. v. Strumpf,* 516 U.S. 16, 21 (1995)), of which Citizens provided immediate notice to the duly-appointed Chapter 7 Trustee herein. Since the initial notice to the trustee, Citizens Bank continues to await approval from the trustee of the proposed agreed order granting the relief sought in this motion, or any response.

## II. Law and Argument

9. Citizens Bank requests that the Court lift the automatic stay so that it may effect its setoff rights in the Citizens Account and apply the funds on deposit

therein to reduce the Indebtedness owed to Citizens by the Debtor under the Loan and pursuant to and as provided by the terms of the Loan Documents and Security Instruments, as well as on the basis of the state-law based rights of setoff held by Citizens with respect to the funds on deposit in the Citizens Account.

**A.    Collateral Security Rights and Interests and State-Law Setoff Rights**

10.    "Rooted in the common law, setoff is a creditor's equitable right to deduct a debt it owes to a debtor from a claim it has against the debtor arising out of a separate transaction." *In re Whimsy, Inc.,* 221 B.R. 69, 72 (S.D.N.Y. 1998). Furthermore, "[t]he right of setoff is a 'common right, which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him.'" Id. (citations omitted). The purpose of setoff is to "avoid the absurdity of making A pay B when B owes A." *Studley v. Boylston Nat'l Bank of Boston*, 229 U.S. 523, 528 (1913).

11.    Section 553 of the Bankruptcy Code does not create the right of setoff. Section 553 of the Bankruptcy Code preserves a creditor's right to setoff a mutual debt of the creditor and the debtor, provided the debts arose pre-petition. In *Citizens Bank v. Strumpf,* 516 U.S. 16 (1995), the U.S. Supreme Court held that "[a]lthough no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." 516 U.S. at 18. Thus, the right to setoff requires a review of both bankruptcy law and non-bankruptcy federal or state law.

12. A creditor that demonstrates a preexisting right of setoff under non-bankruptcy federal or state law must then satisfy the requirements of Section 553. Section 553 preserves a creditor's right to setoff debts under state law if (1) the debtor owes a creditor a pre-petition debt, (2) the creditor owes the debtor a pre-petition debt, (3) the debts are mutual, and (4) the claim and debt are each valid and enforceable. *Braniff Airways, Inc. v. Exxon Co., U.S.A.,* 814 F.2d 1030, 1035 (5th Cir. 1987). "[C]ontractual obligations are debts for purposes of setoff." *Cohen v. Savings Building & Loan Co. (In re Bevill, Bresler & Schulman Asset Management Corp.*), 896 F.2d 54, 59 (3d Cir. 1990).

13. The term "mutuality" is not defined by the Bankruptcy Code. However, it is generally held to mean that the debts must be owed in the same right between the same parties, and the parties must be acting in the same capacity. *I.R.S. v. Luongo (In re Luongo)*, 259 F.3d 323, 334 (5th Cir. 2001) (citing *Braniff,* 814 F.2d at 1035); 5 Collier on Bankruptcy ¶ 553.03[3][a]. Moreover, mutuality generally requires that the competing credit must be deemed to have arisen prior to the time of the filing of the bankruptcy case. *See e.g., Braniff,* 814 F.2d at 1038 (finding that where both debts were deemed to have arisen pre-petition, mutuality of obligation existed).

14. Mississippi law recognizes the common law right to setoff as an equitable remedy available to creditors. *Wallace v. United Miss. Bank,* 726 So.2d 578, 583 (Miss. 1998). "As to the bank's common law right of set-off, it is 'well settled that a bank, under a 'set off' principle, has the right to apply a debtor's deposit to payment of his debt then due aside from any security agreement specifically authorizing it to

do so.'" *Id.* (quoting *Deposit Guar. Nat'l Bank v. B.N. Sumrall & Son, Inc.,* 524 So.2d 295, 299-300 (Miss. 1987)).

15. Citizens Bank is entitled to apply the Citizens Account to the Indebtedness due and owed to Citizens under the Loan as provided by the terms of the Loan Documents and Security Instruments entered into and executed by the Debtor and Citizens in connection with and evidencing the Loan, because the Citizens Account and funds on deposit are Citizens' Collateral security repayment of its secured claim herein. Additionally, and as an independent and separate ground, Citizens is entitled to exercise its right to setoff under Mississippi law and Section 553 of the Bankruptcy Code to apply the Citizens Account funds to the Indebtedness past due and owing to Citizens.

**B.     Relief From the Automatic Stay and Abandonment**

16. Section 362(a)(7) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay" of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7).

17. The right to setoff is limited by the provisions of the automatic stay in Section 362 of the Bankruptcy Code, however the stay does not terminate a creditor's right to setoff pursuant to Section 553(a) of the Bankruptcy Code. *See Stephenson v. Salisbury (In re Corland Corp.*), 967 F.2d 1069, 1076 (5th Cir. 1992) ("The automatic stay … 'does not defeat the right of setoff; rather, setoff is merely stayed pending an orderly examination of the debtor's and creditor's rights.'").

18. Establishing a right to setoff constitutes a prima facie showing of cause for relief from the automatic stay under Section 362(d)(1). *See In re Ealy,* 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008) (citing *In re Nuclear Imaging Sys., Inc.,* 260 B.R. 724, 730 (Bankr. E.D. Penn. 2000)).

19. The proposed setoff is appropriate and authorized under Section 553 of the Bankruptcy Code, and Citizens should be granted relief from the automatic stay in order to effectuate such setoff.

20. Further, the automatic stay should be lifted as to the Citizens Account because the Debtor lacks equity in the account and it is not necessary to reorganization of the estate. *See* 11 U.S.C. § 362(d)(2). As indicated above, the Debtor owes Citizens Bank exponentially more than the amount in the Citizens Account. Because of the requirements of 11 U.S.C. § 362(d)(2) are satisfied, the stay should be lifted as to the Citizens Account.

21. This Court should also order the Debtor to abandon any interest held by the Debtor with respect to the Citizens Account from the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 554(b) because any such interest is burdensome to the bankruptcy estate and/or of inconsequential value and benefit to the bankruptcy estate.

22. Citizens respectfully submits that, on the grounds demonstrated and discussed above, together with any additional or other arguments and grounds as may be submitted by Citizens in connection with any hearing on this Motion, relief from the automatic stay concerning the Citizens Account and all funds on deposit

therein to the extent necessary to allow Citizens to apply the account funds to the Indebtedness due and owed to Citizens under the Loan is proper. Citizens further respectfully submits that the Debtor should be ordered to abandon the Citizens Account and said funds on deposit from the Debtor's bankruptcy estate.

### III.  Relief

For these reasons, and others to be stated at any hearing on this Motion, Citizens Bank respectfully requests that this Motion be granted and an Order be entered (a) granting Citizens relief from the automatic stay of Section 362 of the Bankruptcy Code concerning the Citizens Account and all funds on deposit therein to the extent necessary to allow Citizens to apply the Citizens Account and amounts on deposit therein to the Indebtedness due and owed to Citizens by the Debtor under the Loan and pursuant to the terms of the Loan Documents and Security Instruments, and (b) ordering that the Citizens Account and funds on deposit therein be abandoned from the bankruptcy estate of the Debtor, and (c) granting Citizens any other or further relief to which it may be entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: */s/ Sarah Beth Wilson*
Sarah Beth Wilson (MSB 103650)
Andrew R. Norwood (MSB 105087)
PHELPS DUNBAR, LLP
1905 Community Bank Way, Suite 200
Flowood, MS 39232
Telephone: (601) 360-2300
Facsimile: (601) 360-9777
sarah.beth.wilson@phelps.com

drew.norwood@phelps.com

***Attorneys for The Citizens Bank of Philadelphia***

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was filed through CM/ECF, which sent notice to all counsel of record.

Dated: March 16, 2026.

>  */s/ Sarah Beth Wilson*
>  Of Counsel