## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                    BANKRUPTCY PROCEEDING

KEY THERAPEUTICS, LLC                                     CASE NUMBER: 26-00106 JAW

---

## NOTICE OF SUBPOENA

---

NOTICE IS GIVEN that North Point Rx, LLC, by and through its counsel, has caused a

Subpoena to be issued to Joshua McCrory and the McCrory Law Firm. Said Subpoena to be issued

through the United States Bankruptcy Court for the Southern District of Mississippi. A copy of the

Subpoena is attached.

DATED this the 17th day of March, 2026.

Respectfully submitted,

NORTH POINT RX, LLC


BY:   s / Derek A. Henderson
      DEREK A. HENDERSON
      ATTORNEY FOR NORTH POINT RX, LLC


Derek A. Henderson, MSB #2260
Anna Claire Henderson, MSB #106230
1765-A Lelia Drive, Suite 103
Jackson, MS 39216
(601) 948-3167
derek@derekhendersonlaw.com
annaclaire@derekhendersonlaw.com

## CERTIFICATE OF SERVICE

I, DEREK A. HENDERSON, do hereby certify that I have this date served, via United States Mail and/or ECF Notification Service, which provides electronic notice to all parties of record, a true and correct copy of the above and foregoing **NOTICE OF SUBPOENA**.

This the 17th day of March, 2026.

s / Derek A. Henderson
DEREK A. HENDERSON

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
Southern District of Mississippi

In re ___Key Therapeutics, LLC___
Debtor

Case No. 3:26-bk-00106 JAW

*(Complete if issued in an adversary proceeding)*

Chapter 7

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Joshua McCrory and McCrory Law Firm, 200 E. Government St, Brandon, MS 39042__
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| PLACE<br>Law Office of Derek A. Henderson, 1765-A Lelia Dr, Ste 103, Jackson, MS 39216 | DATE AND TIME<br>April 17, 2026 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __3/17/26__

CLERK OF COURT

OR  *(signature)*

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* North Point Rx, LLC, who issues or requests this subpoena, are: Derek A. Henderson, 1765-A Lelia Dr, Ste 103, Jackson, MS 39216, (601) 948-3167

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EILEEN N. SHAFFER

Attorney at Law

401 E. CAPITOL ST. - SUITE 316

JACKSON, MISSISSIPPI 39201

(601) 969-3006

MAILING ADDRESS
P. O. BOX 1177
JACKSON, MISSISSIPPI 39215-1177

FACSIMILE (601) 949-4002
e -mail: eshaffer@eshaffer-law.com

February 26, 2026

Personal & Confidential

*via* Email:    mccrorylaw@yahoo.com

Honorable Joshua C. McCrory
County Court of Rankin County

   Re: Key Therapeutics, LLC
      Case No. 26-00106-JAW

Dear Judge McCrory:

I represent Stephen Smith who has been appointed as the Chapter 7 Trustee for Key Therapeutics, LLC, Bankruptcy Case No. 26-00106-JAW, which was filed on January 15, 2026.

A creditor has requested that the Trustee waive the attorney/client privilege as to pre-bankruptcy communications that you may have had with Key Therapeutics, LLC.

In an effort to locate all assets of this bankruptcy estate, the Trustee is waiving the attorney/client privilege and requests that you preserve all records and files of any kind that you may have related to your representation of Key Therapeutics, LLC. In the event that these records become necessary for the Trustee to review, I will contact you to coordinate a mutually agreeable time for the Trustee to take possession of those records.

In the meantime, if you have any questions please do not hesitate to contact me.

     Sincerely,

     Eileen N. Shaffer

ENS/sam
c: Stephen Smith, Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

---

**In re: KEY THERAPEUTICS, LLC,**
    Debtor.

**Chapter 7**
**Case No. 3:26-bk-00106 JAW**

---

**In re: ROBERT WAYNE SIMS,**
    Debtor.

**Chapter 7**
**Case No. 3:26-bk-00138 JAW**

---

### ATTACHMENT TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, AND THINGS

---

**TO:** JOSHUA McCRORY and McCRORY LAW FIRM (MLF ATTORNEYS)
    200 E. Government Street
    Brandon, MS 39042

### DEFINITIONS

1.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all information which might otherwise be construed to be outside their scope.

2.    "Document" and "documents" shall have the broadest meaning ascribed by Fed. R. Civ. P. 34(a) and Fed. R. Bankr. P. 7034, and include without limitation all writings, emails, text messages, instant messages, electronic records, spreadsheets, charts, photographs, recordings, voicemails, call logs, data compilations, contracts, agreements, memoranda, notes, workpapers, transcripts, minutes, reports, invoices, statements, bank records, wire instructions, ACH records, canceled checks (front and back), financial statements, tax returns, ledgers, journals, QuickBooks or other accounting software files and exports, and any other data however stored or maintained.

3.    "Communication" means any transmittal of information by any means, including written, electronic, telephonic, or oral discussions, emails, texts, letters, notices, or any document memorializing, recording, summarizing, or referring to any such communication.

4.    "Relating to" and "relate to" shall be construed in their broadest sense to mean directly or indirectly concerning, evidencing, reflecting, describing, discussing, supporting, or contradicting.

5.    "Person(s)" includes all individuals, companies, partnerships, LLCs, corporations,

associations, groups, trusts, and all other legal entities.

6.      "Key" means Key Therapeutics, LLC a/k/a Key Therapeutics, Inc., and all its past and present officers, members, managers, employees, agents, representatives, accountants, and attorneys.

7.      "Sims" means Robert Wayne Sims, individually and in his capacity as 100% owner and manager of Key Therapeutics, LLC.

8.      "North Point" means North Point RX, LLC.

9.      "Xspire Transaction" means the January 1, 2024 Asset Purchase Agreement among Key Therapeutics, LLC, WraSer, LLC, Xspire Pharma, LLC, and Legacy-Xspire Holdings, LLC for a purchase price of $4,050,000.

10.     "Sequestration Order" means the Emergency Arbitrator's September 14, 2023 order and the October 18, 2023 Modified Final Order requiring Key to deposit and maintain in trust all gross sales proceeds totaling $2,339,602.88.

11.     "Citizens Bank Loan" means Loan No. 33113125, the $2,500,000 line of credit issued by The Citizens Bank of Philadelphia (MS) to Key Therapeutics, LLC on or about March 15, 2024.

12.     "Copay Consultants" means Copay Consultants, LLC, 517 Liberty Rd., Flowood, MS 39232.

13.     "Gentex" means Gentex Pharma, LLC.

14.     "Pharmaco" means Pharmaco LLC, 4602 E. Elwood St., Ste. 11, Phoenix, AZ 85040.

15.     "Trebotich" means Peter "Bo" Trebotich (a/k/a Peter Trebotich), Rob Sims' brother and paper owner of Gentex Pharma, LLC.

16.     "Commercialization Agreement" means the July 8, 2022 Commercialization Agreement between North Point RX, LLC and Key Therapeutics, LLC governing the sale and distribution of pharmaceutical products and the remittance of sales proceeds.

17.     The timeframe for all Requests, unless specified otherwise, is July 1, 2022 through the present.

---

## INSTRUCTIONS

1.      These Requests are continuing in nature. If additional documents are identified, obtained, or created after your initial response, you must promptly supplement your production on a rolling basis.

**2.**      All documents shall be produced as kept in the ordinary course of business, organized and labeled to correspond to the specific Request(s) to which they respond, and Bates-stamped for identification.

**3.**      If any document is withheld on grounds of privilege, identify: (a) the type of document; (b) its date; (c) its author(s) and recipient(s); (d) the specific privilege claimed; and (e) sufficient description to allow the Court to assess the privilege claim.

**4.**      If any document has been destroyed, lost, or disposed of, identify it as completely as possible, including its contents, the author(s) and recipient(s), the date of the document, the date of its disposal, the manner of disposal, and the person(s) who disposed of it.

**5.**      Electronic documents shall be produced in native format with all metadata intact, or in searchable PDF format, at the election of the producing party. Spreadsheets and accounting records shall be produced in native format (Excel, CSV, or accounting software export).

**6.**      The singular includes the plural and vice versa. If any portion of a Request cannot be satisfied in full, produce all documents responsive to the remainder and explain in writing why full production cannot be made.

**7.**      These Requests supersede and supplement any prior subpoena or document request served on You in connection with this matter or the related civil action (Case No. 3:25-cv-00020-KHJ-MTP, S.D. Miss.).

**8.**      You were notified of your obligation to preserve all responsive documents by letter from the Trustee's counsel, Eileen Shaffer, dated February 26, 2026. You are reminded of that obligation and directed to take all steps necessary to prevent the destruction, alteration, or loss of any documents responsive to these Requests, including suspending any routine document destruction policies and preserving all electronic data, metadata, and backup copies.

---

## DOCUMENT REQUESTS

All requests cover the period July 1, 2022 through the present unless otherwise specified. Produce ALL documents in your possession, custody, or control that are responsive to each request, including documents maintained electronically.

**Request No. 1:**      All records for any McCrory Law Firm (or MLF Attorneys) trust account, IOLTA account, or escrow account that received or disbursed funds in connection with Key Therapeutics, LLC, Robert Sims, or the Xspire Transaction, including: (a) complete bank statements showing all deposits and withdrawals; (b) transaction-level data in electronic format with full originating and receiving account details for every wire and ACH transaction; (c) wire transfer instructions for all outgoing wires; (d) canceled checks front and back; (e) all client ledger cards or individual matter trust account reconciliations for any matter involving Key or Sims.

**Request No. 2:**      All documents relating to Joshua McCrory's role as Settlement Agent and escrow holder for the January 1, 2024 Asset Purchase Agreement among Key

Therapeutics, LLC, WraSer LLC, Xspire Pharma LLC, and Legacy-Xspire Holdings LLC, including: (a) the Closing Statement and HUD-1 or equivalent settlement statement; (b) all wire instructions and wire confirmation records; (c) all disbursement records showing where funds were sent; (d) the source of all funds received into escrow and the account(s) from which they originated; (e) all certifications or representations made by McCrory as settlement agent; (f) all escrow instructions and agreements.

**Request No. 3:** NOTE: The Chapter 7 Trustee has waived attorney-client privilege as to all pre-bankruptcy communications between Key Therapeutics and Joshua McCrory under *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985). All communications between McCrory or Key relating to: (a) North Point RX, LLC or the Commercialization Agreement; (b) the arbitration proceedings and all orders entered therein; (c) the September 14, 2023 Emergency Arbitration Order and the October 18, 2023 Modified Final Order (Sequestration Order); (d) the September 28, 2023 email from Robert Sims to Joshua McCrory re: DESOXYN Inventory On-Hand -- the 'Soft Proceeds' Email, attached hereto as Exhibit A -- including McCrory's response(s) and any advice given in connection with the plan described therein; (e) any advice given regarding the Sequestration Order or the funds subject to it.

**Request No. 4:** All communications between McCrory, Key, the Legacy-Xspire Holdings LLC Trustee, counsel for Legacy-Xspire, Citizens Bank, or any other party regarding: (a) the source of funds used for the Xspire Transaction capital raise; (b) any disclosures made or not made to the Florida Bankruptcy Court or the Legacy-Xspire Trustee regarding the sequestration/restriction on Key's funds; (c) any legal analysis regarding the propriety of using sequestered funds for the Xspire purchase.

**Request No. 5:** All engagement letters, retainer agreements, billing records, invoices, and time entries for any legal representation of Key Therapeutics by McCrory or his firm, including all matters from July 2022 through the present. Identify the source of payment for all fees.

**Request No. 6:** All documents relating to McCrory's role as Registered Agent for Gentex Pharma, LLC, including: (a) all communications with Trebotich regarding Gentex; (b) all documents relating to the formation of Gentex or the transfer of Gentex ownership from Sims to Peter Trebotich; (c) any legal work performed for Gentex by McCrory or his firm.

**Request No. 7:** All documents evidencing McCrory's knowledge of the September 14, 2023 or October 18, 2023 Sequestration Orders at any time prior to the closing of the Xspire Transaction, including all pleadings, orders, and correspondence from the North Point arbitration that McCrory received in his capacity as counsel for Key.

**Request No. 8:** All filings, correspondence, and communications with the United States Bankruptcy Court for the Middle District of Florida (Legacy-Xspire Holdings LLC bankruptcy) regarding the Xspire Transaction, including any disclosures regarding the source of Key's funds, any objections received, and any orders entered.

**Request No. 9:** All documents relating to any required disclosures of prior legal matters,

potential conflicts, or professional conduct issues, to the extent relating to his representation of Key Therapeutics or his role in the Xspire Transaction. This Request is made in connection with the estate's investigation of McCrory's role in the Xspire transaction and his representation of Key Therapeutics during the arbitration and sequestration proceedings.

**Request No. 10:**    All records of any payments, legal fees, escrow fees, settlement agent fees, or any other compensation received by McCrory or his law firm from Key Therapeutics, Robert Sims individually, Gentex Pharma LLC, Copay Consultants LLC, Pharmaco LLC, or any other entity owned or controlled by Sims or Trebotich, from July 2022 through the present, including the source account for each payment and the matter or engagement to which each payment relates.

**Request No. 11:**    All documents relating to McCrory's role as settlement agent or closing attorney in connection with the Citizens Bank Loan (Loan No. 33113125), including: (a) all closing statements and settlement statements; (b) all certifications or representations McCrory made to Citizens Bank regarding Key's financial condition, pending litigation, or encumbrances on collateral; (c) all wire instructions and disbursement records; (d) all communications between McCrory and Citizens Bank regarding the loan closing; (e) all documents McCrory reviewed or relied upon in certifying the closing, including financial statements, tax returns, or balance sheets provided by Key or Sims.

**Request No. 12:**    All communications between McCrory or his firm and any of the following persons or entities: (a) Copay Consultants, LLC or Ronnie Grogan; (b) Pharmaco LLC or Davin Deb; (c) Peter "Bo" Trebotich; including any communications regarding the formation, operation, capitalization, or transfers of assets to or from these entities, and any legal services provided by McCrory to any of them.

**Request No. 13:**    All documents evidencing or relating to any direct or indirect financial interest, ownership stake, profit-sharing arrangement, or compensation arrangement held by McCrory in Key Therapeutics, Gentex Pharma, Copay Consultants, Pharmaco, or any other entity owned or controlled by Sims or Trebotich, other than fees for legal services already requested herein.

**From: Robert Sims** rsims@keytherapeutics.net
**Subject:** DESOXYN inventory on-hand
**Date:** September 28, 2023 at 11:41 AM
**To:** Joshua McCrory josh@mlfattorneys.com



We have ~80 units of KTX on hand and another 975 of RRD in the vault; we were in motion with a repack request of ~400 with repack vendor BEFORE NPRx legal made a statement (we must maintain product availability within the major wholesale channels as we are legally contracted under penalty of fine AND removal from participating in future operations within their distribution services).

It's the lesser of the two evils IMHO if we:

- get more labeled under KTX
- keep the major wholesaler relationships in good standing
- make a deal with NPRx / AJENAT to allow KTX to continue labeling/promoting the brand (critical to get their approval or denial)
- use the showing of "soft" proceeds to get the investment bank deal, perform a "mini-IPO", and buy our own assets moving forward

Cordially,

Robert W. Sims
Key Therapeutics, LLC
(601) 672.3611 c
(888) 981.8337 o
(888) 567.0545 f
www.keyrx.com

**KEY**
THERAPEUTICS

**CLICK HERE** to view my availability and set up a meeting

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review; use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.



EXHIBIT
A