## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                              BANKRUPTCY PROCEEDING

KEY THERAPEUTICS, LLC                               CASE NUMBER: 26-00106 JAW

---

### NOTICE OF SUBPOENA

---

NOTICE IS GIVEN that North Point Rx, LLC, by and through its counsel, has caused a

Subpoena to be issued to Pharmaco, LLC. Said Subpoena to be issued through the United States

Bankruptcy Court for the Southern District of Mississippi. A copy of the Subpoena is attached.

DATED this the 17th day of March, 2026.

Respectfully submitted,

NORTH POINT RX, LLC

BY:     s / Derek A. Henderson
        DEREK A. HENDERSON
        ATTORNEY FOR NORTH POINT RX, LLC

**Derek A. Henderson, MSB #2260**
**Anna Claire Henderson, MSB #106230**
**1765-A Lelia Drive, Suite 103**
**Jackson, MS 39216**
**(601) 948-3167**
**derek@derekhendersonlaw.com**
**annaclaire@derekhendersonlaw.com**

## CERTIFICATE OF SERVICE

I, DEREK A. HENDERSON, do hereby certify that I have this date served, via United States Mail and/or ECF Notification Service, which provides electronic notice to all parties of record, a true and correct copy of the above and foregoing **NOTICE OF SUBPOENA**.

This the 17th day of March, 2026.

s / Derek A. Henderson
DEREK A. HENDERSON

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of Mississippi

In re  Key Therapeutics, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 3:26-bk-00106 JAW

Chapter 7

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Pharmaco, LLC, c/o Registered Agent, Paracorp Incorporated, 8825 N 23rd Ave, Ste 100, Phoeniz, AZ 85021
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| PLACE Law Office of Nach, Rodgers, Hilkert & Santilli, 1220 E. Osborn Rd, Ste 101, Phoenix, AZ, 85014 | DATE AND TIME April 10, 2026 at 10:00 am |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/17/26

CLERK OF COURT

OR _____

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* North Point Rx, LLC, who issues or requests this subpoena, are: Derek A. Henderson, 1765-A Lelia Dr, Ste 103, Jackson, MS 39216, (601) 948-3167

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

---

**In re: KEY THERAPEUTICS, LLC,**
  Debtor.

**Chapter 7**
**Case No. 3:26-bk-00106 JAW**

---

**In re: ROBERT WAYNE SIMS,**
  Debtor.

**Chapter 7**
**Case No. 3:26-bk-00138 JAW**

---

## ATTACHMENT TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, AND THINGS

---

**TO:**   PHARMACO LLC
  4602 E. Elwood St., Ste. 11
  Phoenix, AZ 85040

## **DEFINITIONS**

1.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all information which might otherwise be construed to be outside their scope.

2.      "Document" and "documents" shall have the broadest meaning ascribed by Fed. R. Civ. P. 34(a) and Fed. R. Bankr. P. 7034, and include without limitation all writings, emails, text messages, instant messages, electronic records, spreadsheets, charts, photographs, recordings, voicemails, call logs, data compilations, contracts, agreements, memoranda, notes, workpapers, transcripts, minutes, reports, invoices, statements, bank records, wire instructions, ACH records, canceled checks (front and back), financial statements, tax returns, ledgers, journals, QuickBooks or other accounting software files and exports, and any other data however stored or maintained.

3.      "Communication" means any transmittal of information by any means, including written, electronic, telephonic, or oral discussions, emails, texts, letters, notices, or any document memorializing, recording, summarizing, or referring to any such communication.

4.      "Relating to" and "relate to" shall be construed in their broadest sense to mean directly or indirectly concerning, evidencing, reflecting, describing, discussing, supporting, or contradicting.

5.      "Person(s)" includes all individuals, companies, partnerships, LLCs, corporations, associations, groups, trusts, and all other legal entities.

6.      "Key" means Key Therapeutics, LLC a/k/a Key Therapeutics, Inc., and all its past and present officers, members, managers, employees, agents, representatives, accountants, and attorneys.

7.      "Sims" means Robert Wayne Sims, individually and in his capacity as 100% owner and manager of Key Therapeutics, LLC.

8.      "North Point" means North Point RX, LLC.

9.      "Xspire Transaction" means the January 1, 2024 Asset Purchase Agreement among Key Therapeutics, LLC, WraSer, LLC, Xspire Pharma, LLC, and Legacy-Xspire Holdings, LLC for a purchase price of $4,050,000.

10.     "Sequestration Order" means the Emergency Arbitrator's September 14, 2023 order and the October 18, 2023 Modified Final Order requiring Key to deposit and maintain in trust all gross sales proceeds totaling $2,339,602.88.

11.     "Citizens Bank Loan" means Loan No. 33113125, the $2,500,000 line of credit issued by The Citizens Bank of Philadelphia (MS) to Key Therapeutics, LLC on or about March 15, 2024.

12.     "Copay Consultants" means Copay Consultants, LLC, 517 Liberty Rd., Flowood, MS 39232.

13.     "Gentex" means Gentex Pharma, LLC.

14.     "Pharmaco" means Pharmaco LLC, 4602 E. Elwood St., Ste. 11, Phoenix, AZ 85040, together with its parent entity True Marker Pharmaceuticals, LLC (Arizona Entity No. 23544673), and its affiliate DSquared Pharmaceuticals, LLC (d/b/a DSquared Rx), each sharing the same address and each owned or controlled by Davin Deb. References to "Pharmaco" include all Deb-controlled entities unless the context requires otherwise.

15.     The timeframe for all Requests, unless specified otherwise, is July 1, 2022 through the present.

---

## INSTRUCTIONS

1.      These Requests are continuing in nature. If additional documents are identified, obtained, or created after your initial response, you must promptly supplement your production on a rolling basis.

2.      All documents shall be produced as kept in the ordinary course of business, organized and labeled to correspond to the specific Request(s) to which they respond, and Bates-

stamped for identification.

**3.** If any document is withheld on grounds of privilege, identify: (a) the type of document; (b) its date; (c) its author(s) and recipient(s); (d) the specific privilege claimed; and (e) sufficient description to allow the Court to assess the privilege claim.

**4.** If any document has been destroyed, lost, or disposed of, identify it as completely as possible, including its contents, the author(s) and recipient(s), the date of the document, the date of its disposal, the manner of disposal, and the person(s) who disposed of it.

**5.** Electronic documents shall be produced in native format with all metadata intact, or in searchable PDF format, at the election of the producing party. Spreadsheets and accounting records shall be produced in native format (Excel, CSV, or accounting software export).

**6.** The singular includes the plural and vice versa. If any portion of a Request cannot be satisfied in full, produce all documents responsive to the remainder and explain in writing why full production cannot be made.

**7.** These Requests supersede and supplement any prior subpoena or document request served on You in connection with this matter or the related civil action (Case No. 3:25-cv-00020-KHJ-MTP, S.D. Miss.).

## DOCUMENT REQUESTS

All requests cover the period July 1, 2022 through the present unless otherwise specified. Produce ALL documents in your possession, custody, or control that are responsive to each request, including documents maintained electronically.

**Request No. 1:** Complete bank statements, transaction-level data in Excel/CSV, wire records, ACH records, and canceled checks for all Pharmaco LLC accounts at any financial institution from July 1, 2025 through the present. NOTE: Pharmaco LLC was incorporated in Arizona on July 11, 2025; this request covers the full period of the entity's existence.

**Request No. 2:** All agreements, assignments, FDA correspondence, and other documents relating to the transfer of Nalfon (NDA 017604) and Fenoprofen Calcium (ANDA 072267), Methocarbamol 500mg (ANDA040489), and any other pharmaceutical assets, NDAs, ANDAs, or FDA-licensed rights (including the "Other Assets" referenced in Key's Statement of Financial Affairs, Part 6, Question 13.1) drug rights from Key Therapeutics, LLC to Pharmaco LLC, including: (a) the complete assignment agreement(s); (b) all evidence of consideration paid by Pharmaco to Key; (c) the dates on which FDA records were updated; (d) any side agreements or backend payment arrangements between Davin Deb and Robert Sims; and (e) any valuation, appraisal, fairness opinion, or fair market value analysis of the transferred assets performed before, during, or after the transfer.

**Request No. 3:** All emails, texts, and other communications between Davin Deb and

Robert Sims and/or Key relating to Pharmaco LLC, the drug rights transfers, or any other business arrangement.

**Request No. 4:** All records of revenue generated by Pharmaco LLC from Nalfon and Fenoprofen sales since the date of transfer from Key Therapeutics, including all invoices, payment records, and distributor agreements.

**Request No. 5:** All formation documents, operating agreements, membership records, and ownership records for Pharmaco LLC, including the date of formation relative to the drug rights transfer and all records identifying Davin Deb as the owner/manager.

**Request No. 6:** All records of any payments, distributions, consulting fees, royalties, licensing fees, or other transfers of value in either direction between: (a) Pharmaco LLC (incorporated July 11, 2025); and (b) Robert Wayne Sims individually, Key Therapeutics LLC, Copay Consultants LLC, Gentex Pharma LLC, or any other entity in which Robert Sims holds or held an ownership or management interest (collectively, the 'Sims Entities'), from July 1, 2022 through the present. Produce: (i) all records of payments FROM Pharmaco LLC TO any Sims Entity, including the date, amount, originating account, receiving account, and stated purpose; (ii) all records of payments FROM any Sims Entity TO Pharmaco LLC, including the same detail; (iii) all invoices, purchase orders, contracts, or agreements supporting or describing any such payment; and (iv) all communications relating to any such payment or transfer.

**Request No. 7:** All records — including bank records, wire confirmations, ACH records, canceled checks, invoices, and communications — evidencing any payment, transfer, distribution, loan, advance, or other transfer of value sent by Robert Wayne Sims individually, Key Therapeutics LLC, Copay Consultants LLC, Gentex Pharma LLC, or any other Sims-affiliated entity, to Pharmaco LLC, from July 1, 2025 through the present. NOTE: Pharmaco LLC was incorporated in Arizona on July 11, 2025; this request covers the full period of the entity's existence. For each payment identified, produce: (a) the full originating account name, number, and institution; (b) the full receiving account name, number, and institution; (c) the date and amount; (d) the stated memo, description, or purpose; and (e) any underlying agreement, invoice, or contract supporting the payment.

**Request No. 8:** All contracts, agreements, letters of intent, term sheets, asset purchase agreements, licensing agreements, royalty agreements, consulting agreements, or other written arrangements of any kind between: (a) Pharmaco LLC; and (b) Key Therapeutics LLC, Copay Consultants LLC, Gentex Pharma LLC, Robert Wayne Sims individually, or any other Sims-affiliated entity, from January 1, 2022 through the present. This Request specifically includes any agreement relating to the transfer of Nalfon (NDA 017604), Fenoprofen Calcium (ANDA 072267), or any other pharmaceutical drug rights, NDAs, ANDAs, or FDA-licensed assets.

**Request No. 9:** All federal and state tax returns filed by Pharmaco LLC for tax year 2025 (the first year of Pharmaco's existence, incorporated July 11, 2025). To the extent a completed return has not yet been filed, produce any extension requests, estimated tax payment records, all K-1s issued to members, and any preliminary workpapers or income summaries prepared for or provided to any tax preparer.

**Request No. 10:** A complete list of every bank account, deposit account, checking account, savings account, money market account, or other financial account of any type held by Pharmaco LLC at any financial institution at any time from July 1, 2025 through the present. NOTE: Pharmaco LLC was incorporated in Arizona on July 11, 2025 and could not have held accounts prior to that date. For each account identified, produce: (a) the institution name and address; (b) account number; (c) account type; (d) date opened and date closed (if applicable); (e) all monthly statements; and (f) complete transaction-level electronic data in Excel or CSV format. This Request is intended to identify all financial institutions through which drug rights revenues have flowed since the transfer of Nalfon (NDA 017604) and Fenoprofen Calcium (ANDA 072267) from Key Therapeutics to Pharmaco LLC.

**Request No. 11:** All documents and records tracing the source of the $500,000 in purported consideration that Pharmaco LLC claims to have paid Key Therapeutics for the Nalfon NDA and Fenoprofen Calcium ANDA. Produce: (a) all wire transfer confirmations, ACH records, canceled checks, or other payment records evidencing the payment of $500,000 from Pharmaco to Key; (b) all bank statements for any Pharmaco or Deb-controlled account showing the debit of funds used for this payment; (c) all records showing the original source of those funds, including whether any portion originated directly or indirectly from Robert Sims, Key Therapeutics, Copay Consultants, Gentex Pharma, or any other Sims-affiliated entity; and (d) all communications relating to the funding, timing, or structuring of this payment.

**Request No. 12:** All documents and communications in Pharmaco's or Davin Deb's possession, custody, or control reflecting knowledge or awareness, at or before the time of the drug rights transfer from Key Therapeutics to Pharmaco, of any of the following: (a) the North Point Rx, LLC Commercialization Agreement dated July 8, 2022; (b) the Emergency Arbitrator's Sequestration Order(s) of September 14, 2023 and October 18, 2023; (c) the arbitration award in favor of North Point; (d) the U.S. District Court's May 19, 2025 Order confirming the arbitration award (Case No. 3:25-cv-00020-KHJ-MTP); (e) the Motion for Contempt filed July 3, 2025; (f) any judgment, lien, claim, or pending litigation against Key Therapeutics or Robert Sims; or (g) Key's financial condition, insolvency, or inability to pay its debts as they became due.

**Request No. 13:** All documents and communications reflecting any business relationship, transaction, or dealing of any kind between: (a) True Marker Pharmaceuticals, LLC and/or DSquared Pharmaceuticals, LLC (each owned or controlled by Davin Deb); and (b) Key Therapeutics LLC, Copay Consultants LLC, Gentex Pharma LLC, Robert Wayne Sims individually, or any other Sims-affiliated entity, from January 1, 2020 through the present. This Request is intended to establish the full scope and duration of the relationship between Davin Deb's entities and the Sims network, including any distribution, supply, consulting, or pharmaceutical commercialization arrangements predating the formation of Pharmaco LLC.

**Request No. 14:** All documents reflecting any shared office space, employees, contractors, telephone numbers, email addresses, email domains, mailing addresses, registered agent services, accounting systems, bank signatories, or other operational infrastructure between Pharmaco LLC (or any Deb-controlled entity) and Key Therapeutics LLC, Copay Consultants LLC, Gentex Pharma LLC, Robert Wayne Sims, or any other Sims-affiliated entity.

**Request No. 15:**       All documents and communications between Davin Deb and/or any officer, member, manager, agent, or representative of Pharmaco LLC (or any Deb-controlled entity) and Joshua McCrory, McCrory Law Firm, or any attorney, escrow agent, or intermediary acting on behalf of Key Therapeutics or Robert Sims, from July 1, 2022 through the present. This Request includes any communication relating to the structuring, negotiation, or closing of the drug rights transfer, any escrow arrangement, and any discussion of Key's legal or financial situation.