### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                          BANKRUPTCY PROCEEDING

KEY THERAPEUTICS, LLC                           CASE NUMBER: 26-00106 JAW

---

### NOTICE OF SUBPOENA

---

NOTICE IS GIVEN that North Point Rx, LLC, by and through its counsel, has caused a

Subpoena to be issued to Ronald E. Russell, CPA. Said Subpoena to be issued through the United

States Bankruptcy Court for the Southern District of Mississippi. A copy of the Subpoena is

attached.

DATED this the 17th day of March, 2026.

Respectfully submitted,

NORTH POINT RX, LLC

BY:   s / Derek A. Henderson
      DEREK A. HENDERSON
      ATTORNEY FOR NORTH POINT RX, LLC

Derek A. Henderson, MSB #2260
Anna Claire Henderson, MSB #106230
1765-A Lelia Drive, Suite 103
Jackson, MS 39216
(601) 948-3167
derek@derekhendersonlaw.com
annaclaire@derekhendersonlaw.com

## CERTIFICATE OF SERVICE

I, DEREK A. HENDERSON, do hereby certify that I have this date served, via United States Mail and/or ECF Notification Service, which provides electronic notice to all parties of record, a true and correct copy of the above and foregoing **NOTICE OF SUBPOENA**.

This the 17th day of March, 2026.

s / Derek A. Henderson
DEREK A. HENDERSON

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Mississippi

In re  Key Therapeutics, LLC
_____
Debtor

Case No. 3:26-bk-00106 JAW

*(Complete if issued in an adversary proceeding)*

Chapter 7

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Ronald E. Russell, CPA, 1437 Old Square Rd, Ste 202, Jackson, MS 39211
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Derek A. Henderson, 1765-A Lelia Dr, Ste 103, Jackson, MS 39216 | April 17, 2026 at 10:00 am |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/17/26

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

*Derek A. Henderson*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* North Point Rx, LLC, who issues or requests this subpoena, are: Derek A. Henderson, 1765-A Lelia Dr, Ste 103, Jackson, MS 39216, (601) 948-3167

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **In re: KEY THERAPEUTICS, LLC,**<br>Debtor. | **Chapter 7**<br>**Case No. 3:26-bk-00106 JAW** |

| | |
|---|---|
| **In re: ROBERT WAYNE SIMS,**<br>Debtor. | **Chapter 7**<br>**Case No. 3:26-bk-00138 JAW** |

**ATTACHMENT TO SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, AND THINGS**

**TO:**   RONALD E. RUSSELL, CPA
1437 Old Square Rd, Ste 202
Jackson, MS 39211

## DEFINITIONS

1.   "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all information which might otherwise be construed to be outside their scope.

2.   "Document" and "documents" shall have the broadest meaning ascribed by Fed. R. Civ. P. 34(a) and Fed. R. Bankr. P. 7034, and include without limitation all writings, emails, text messages, instant messages, electronic records, spreadsheets, charts, photographs, recordings, voicemails, call logs, data compilations, contracts, agreements, memoranda, notes, workpapers, transcripts, minutes, reports, invoices, statements, bank records, wire instructions, ACH records, canceled checks (front and back), financial statements, tax returns, ledgers, journals, QuickBooks or other accounting software files and exports, and any other data however stored or maintained.

3.   "Communication" means any transmittal of information by any means, including written, electronic, telephonic, or oral discussions, emails, texts, letters, notices, or any document memorializing, recording, summarizing, or referring to any such communication.

4.   "Relating to" and "relate to" shall be construed in their broadest sense to mean directly or indirectly concerning, evidencing, reflecting, describing, discussing, supporting, or contradicting.

5.   "Person(s)" includes all individuals, companies, partnerships, LLCs, corporations, associations, groups, trusts, and all other legal entities.

6.   "Key" means Key Therapeutics, LLC a/k/a Key Therapeutics, Inc., and all its past

and present officers, members, managers, employees, agents, representatives, accountants, and attorneys.

7.      "Sims" means Robert Wayne Sims, individually and in his capacity as 100% owner and manager of Key Therapeutics, LLC.

8.      "North Point" means North Point RX, LLC.

9.      "Xspire Transaction" means the January 1, 2024 Asset Purchase Agreement among Key Therapeutics, LLC, WraSer, LLC, Xspire Pharma, LLC, and Legacy-Xspire Holdings, LLC for a purchase price of $4,050,000.

10.      "Sequestration Order" means the Emergency Arbitrator's September 14, 2023 order and the October 18, 2023 Modified Final Order requiring Key to deposit and maintain in trust all gross sales proceeds totaling $2,339,602.88.

11.      "Citizens Bank Loan" means Loan No. 33113125, the $2,500,000 line of credit issued by The Citizens Bank of Philadelphia (MS) to Key Therapeutics, LLC on or about March 15, 2024.

12.      "Copay Consultants" means Copay Consultants, LLC, 517 Liberty Rd., Flowood, MS 39232.

13.      "Gentex" means Gentex Pharma, LLC.

14.      "Pharmaco" means Pharmaco LLC, 4602 E. Elwood St., Ste. 11, Phoenix, AZ 85040.

15.      The timeframe for all Requests, unless specified otherwise, is July 1, 2022 through the present.

## INSTRUCTIONS

1.      These Requests are continuing in nature. If additional documents are identified, obtained, or created after your initial response, you must promptly supplement your production on a rolling basis.

2.      All documents shall be produced as kept in the ordinary course of business, organized and labeled to correspond to the specific Request(s) to which they respond, and Bates-stamped for identification.

3.      If any document is withheld on grounds of privilege, identify: (a) the type of document; (b) its date; (c) its author(s) and recipient(s); (d) the specific privilege claimed; and (e) sufficient description to allow the Court to assess the privilege claim.

4.      If any document has been destroyed, lost, or disposed of, identify it as completely as possible, including its contents, the author(s) and recipient(s), the date of the document, the date of its disposal, the manner of disposal, and the person(s) who disposed of it.

5.      Electronic documents shall be produced in native format with all metadata intact, or in searchable PDF format, at the election of the producing party. Spreadsheets and accounting records shall be produced in native format (Excel, CSV, or accounting software export).

6.      The singular includes the plural and vice versa. If any portion of a Request cannot be satisfied in full, produce all documents responsive to the remainder and explain in writing why full production cannot be made.

7.      These Requests supersede and supplement any prior subpoena or document request served on You.

8.      Where a specific Request states a date range different from the general timeframe

in Definition 15, the date range stated in that Request controls.

## DOCUMENT REQUESTS

All requests cover the period July 1, 2022 through the present unless otherwise specified. Produce ALL documents in your possession, custody, or control that are responsive to each request, including documents maintained electronically.

**Request No. 1:** All workpapers, source documents, trial balances, adjusting journal entries, lead schedules, and supporting documentation for all financial statements, tax returns, and accounting compilations prepared for any of the following entities: (a) Key Therapeutics, LLC; (b) Copay Consultants, LLC; (c) Gentex Pharma, LLC; and (d) Pharmaco LLC, for fiscal years 2022 through 2025. For each entity, produce: (i) all balance sheets, profit and loss statements, and cash flow statements; (ii) all trial balances and adjusting journal entries; (iii) all lead schedules and workpapers supporting each line item; (iv) all source documents provided by Sims or any representative of these entities; (v) all QuickBooks exports, bank statement analyses, and electronic data files used in preparing financial statements; (vi) all draft and final versions of any financial statement; and (vii) all written representations or management representation letters. For fiscal year 2025, produce all preliminary or draft financial statements, QuickBooks exports, and any financial data compilations regardless of whether a final statement has been issued.

**Request No. 2:** All workpapers, source documents, and supporting documentation for all federal and state income tax returns prepared for Robert Wayne Sims individually, including all Schedule C workpapers for Key Therapeutics for tax years 2022 through 2025. For tax year 2025, produce all preliminary workpapers, income summaries, and draft Schedule C data regardless of whether a return has been filed. Specifically produce all workpapers relating to: (a) gross receipts of $2,336,653 on the 2023 Schedule C; (b) COGS of $1,676,547 on the 2023 Schedule C; (c) the inventory write-off/loss of $1,136,899 on the 2023 return.

**Request No. 3:** All federal and state tax returns, workpapers, source documents, QuickBooks files, bank statement reconciliations, trial balances, profit and loss statements, balance sheets, and any other accounting records prepared by or in the possession of Russell/MCC Inc. for: (a) Copay Consultants, LLC, for tax years 2022 through 2025; and (b) Gentex Pharma, LLC, for tax years 2022 through 2025; and (c) Pharmaco LLC, for tax years 2022 through 2025. For each entity and each year, produce: (i) the completed federal and state tax returns with all schedules and attachments; (ii) all K-1s issued to members; (iii) all workpapers supporting each line item on each return; (iv) all QuickBooks data files, chart of accounts, transaction journals, and vendor/customer lists; (v) all bank statement reconciliations; (vi) all records of payments received from Key Therapeutics, including the date, amount, and stated purpose of each payment; and (vii) all records of any distributions to members. For tax year 2025, produce all preliminary workpapers, K-1s, and draft returns regardless of whether a final return has been filed.

**Request No. 4:** All documents relating to the $1,136,899 inventory write-off recorded on Sims' 2023 tax return, including: (a) all source documents and inventory records provided by Sims; (b) any written representation by Sims regarding ownership of the inventory; (c) any documentation of the basis and ownership of the written-off inventory; (d) all communications with Sims or Key regarding the write-off.

**Request No. 5:** All financial statements, balance sheets, profit and loss statements,

and personal financial statements for Key Therapeutics or Robert Sims that were prepared by or reviewed by Russell/MCC Inc. and subsequently submitted to Citizens Bank in connection with Loan No. 33113125 (March 2024 origination and April 2025 renewal), or to any other lender, investor, insurance company, or third party for any purpose.

**Request No. 6:** All communications between Russell, MCC Inc., and Robert Sims or Key Therapeutics relating to: (a) North Point RX, LLC; (b) the arbitration proceedings; (c) the Sequestration Order; (d) any contingent liabilities or disputed amounts that should have been disclosed on financial statements or tax returns; (e) the treatment of North Point-funded inventory as Key's own assets.

**Request No. 7:** All engagement letters, retainer agreements, and client files relating to MCC Inc.'s engagement by Robert Sims or Key Therapeutics, LLC, from 2022 through the present.

**Request No. 8:** All documents relating to how Key Therapeutics' gross revenues and cost of goods sold were determined and recorded, including any analysis of the North Point Commercialization Agreement's effect on Key's revenue recognition and cost basis.

**Request No. 9:** All documents relating to tax year 2025 for Key Therapeutics, LLC, Robert Wayne Sims, Copay Consultants, LLC, Pharmaco LLC, and any other Sims-affiliated client of MCC Inc. / Russell CPA, including: (a) all quarterly estimated tax payment records (Forms 1040-ES and 1120-W) for tax year 2025; (b) all K-1s issued to members or partners of any pass-through entity; (c) all income summaries, QuickBooks exports, bank statement analyses, or other financial data compilations prepared in connection with tax year 2025 returns; (d) all draft or preliminary return workpapers for tax year 2025; (e) all communications with Robert Sims, Key Therapeutics, or Copay Consultants regarding the preparation of 2025 returns; and (f) the completed 2025 federal and state returns for all covered clients within ten (10) days of filing, whenever filed. NOTE: This Request covers the period from January 1, 2025 through the date of compliance with this Subpoena and is intended to capture 2025 tax data regardless of whether final returns have been filed as of the date of production.

**Request No. 10:** All amended federal and state tax returns (including Forms 1040-X and amended entity returns), draft amendments, and all workpapers and communications relating to the preparation or consideration of any amendment, for Robert Wayne Sims, Key Therapeutics, LLC, Copay Consultants, LLC, Gentex Pharma, LLC, and Pharmaco LLC, from tax year 2022 through the present.

**Request No. 11:** All notices, audit letters, information document requests (IDRs), examination reports, revenue agent reports, and all other correspondence between Russell, MCC Inc., and any federal or state taxing authority (including the IRS, Mississippi Department of Revenue, and any other state tax agency) regarding Robert Wayne Sims, Key Therapeutics, LLC, Copay Consultants, LLC, Gentex Pharma, LLC, or Pharmaco LLC, from 2022 through the present.

**Request No. 12:** All invoices, billing records, fee agreements, statements of account, and records of payment from Robert Wayne Sims, Key Therapeutics, LLC, Copay Consultants, LLC, Gentex Pharma, LLC, Pharmaco LLC, or any other entity for which Russell/MCC Inc. performed accounting, tax preparation, or financial statement services at the direction of Robert Sims, from 2022 through the present.

**Request No. 13:** All tax returns, workpapers, financial statements, and accounting records prepared by Russell/MCC Inc. for any entity not specifically named in these Requests in which Robert Wayne Sims held a direct or indirect ownership interest, served as a member,

manager, officer, or authorized representative, or over which Sims exercised control, from 2022 through the present. For each such entity, identify the entity name, its tax identification number, and Sims's role.

**Request No. 14:**      All personal financial statements, statements of net worth, schedules of assets and liabilities, and similar financial summaries prepared by or reviewed by Russell/MCC Inc. for Robert Wayne Sims for any purpose, including but not limited to submissions to lenders, investors, insurance companies, or any other third party, from 2022 through the present.

**Request No. 15:**      All documents and communications in Russell's or MCC Inc.'s possession relating to the business relationship between Key Therapeutics, LLC and Copay Consultants, LLC, Gentex Pharma, LLC, or Pharmaco LLC, including: (a) the nature and purpose of any payments between these entities; (b) any analysis of whether transactions between these entities were conducted at arm's length; (c) any documents reflecting the flow of funds, inventory, or pharmaceutical products between or among these entities; and (d) any documents relating to the ownership, control, or beneficial interest of Robert Wayne Sims or any member of his family in any of these entities.