### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                    CHAPTER 7

KEY THERAPEUTICS, LLC                                        CASE NO. 26-00106-JAW

### TRUSTEE'S LIMITED OBJECTION TO CITIZENS BANK'S
### MOTION FOR RELIEF FROM STAY AND ABANDONMENT
### REGARDING ACCOUNTS RECEIVABLE

**COMES NOW**, J. Stephen Smith, Trustee of the above named and numbered bankruptcy proceeding, and files this his Limited Objection to *Citizens Bank's Motion for Relief from Stay and Abandonment Regarding Accounts Receivable* ("Motion") [Dkt. #36] filed on behalf of The Citizens Bank of Philadelphia ("Citizens Bank"), and would show unto the Court as follows, to-wit:

1.      The Trustee does not object to Citizen Bank's request that the automatic stay be lifted as to the accounts receivable of the debtor and the abandonment of said proceeds.

2.      The Trustee does object to Citizens Bank's assertion that it has " . . . first-priority liens upon and security interests in all assets and interests of the Debtor including but not limited to all intellectual property, accounts, accounts receivable, inventory, and general intangibles now owned or acquired later and all related proceeds and otherwise as further described in the duly recorded and properly perfected Security Agreements and UCC-1's and continuations as to the same.".

3.      That the Trustee is not claiming an interest in the current accounts receivable. However, the Trustee does object to the broad relief sought by Citizens Bank in the unnumbered paragraph styled as **III. Relief**.

**WHEREFORE, PREMISES CONSIDERED**, J. Stephen Smith, Trustee respectfully requests that if this Court approves the lifting of the automatic stay and abandonment of the

accounts receivable that the order not contain language holding that Citizens Bank has first-priority liens upon and security interests in all assets and interests of the Debtor including but not limited to all intellectual property, accounts, accounts receivable, inventory, and general intangibles now owned or acquired later and all related proceeds and otherwise as further described in the duly recorded and properly perfected Security Agreements and UCC-1's and continuations as to the same, and for such other relief as is deemed just.

Respectfully submitted,

J. STEPHEN SMITH
CHAPTER 7 TRUSTEE

By: _____

EILEEN N. SHAFFER
Attorney for Trustee

EILEEN N. SHAFFER, MSB #1687
Post Office Box 1177
Jackson, Mississippi 39215-1177
Ph:   (601) 969-3006
email: eshaffer@eshaffer-law.com

## CERTIFICATE OF SERVICE

I, Eileen N. Shaffer, Attorney for Trustee, do hereby certify that I have this date electronically transmitted via CM/ECF Noticing, a true and correct copy of the above and foregoing *Trustee's Limited Objection to Citizens Bank's Motion for Relief from Stay and Abandonment Regarding Accounts Receivable* to the following on the day and year hereinafter set forth:

Sarah Beth Wilson, Esq.
Andrew R. Norwood, Esq.
Attorneys for The Citizens Bank
of Philadelphia
sarah.beth.wilson@phelps.com
drew.norwood@phelps.com

Thomas Carl Rollins, Jr., Esq.
Attorney for Debtor
Trollins@therollinsfirm.com

United States Trustee
USTPREgion05.JA.ECF@usdoj.gov

**SO CERTIFIED,** this the _____ day of _____, 2026.

_____
EILEEN N. SHAFFER