## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                    CHAPTER 7

KEY THERAPEUTICS, LLC                           CASE NO. 26-00106-JAW

### MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

**COMES NOW, Stephen Smith,** Trustee in the above named and numbered bankruptcy proceeding, and files this Motion for Approval of Compromise and Settlement, and would show unto the Court the following, to-wit:

1.      That on January 15, 2026, Key Therapeutics, LLC ("Key Therapeutics") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Stephen Smith ("Trustee") was appointed as the Chapter 7 Trustee.

2.      That the schedules filed with the bankruptcy court reflected that a number of payments were made by Key Therapeutics to SBA within ninety (90) days of the bankruptcy petition being filed.

3.      That the Trustee has reviewed the financial records of Key Therapeutics and has confirmed that SBA received payments totaling $153,000.00 within ninety (90) days of the bankruptcy being filed.

4.      That the Trustee contends that these payments to the SBA constitute preference payments pursuant to 11 U.S.C. § 547(b).

5.      That the Trustee and SBA have reached an agreement regarding these funds. SBA will turnover to the Trustee $145,350.00 and SBA will retain the remaining $7,650.00

6.      That the Trustee asserts that the settlement is fair and reasonable and is in the best interest of the bankruptcy estate.  The costs that would be incurred in any liquidation regarding

these funds would further reduce the Bankruptcy Estate's recovery. The Trustee requests the Court to approve the settlement.

7. That the settlement complies with the 5th Circuit standards for approving compromise and settlements.

8. A basic policy in bankruptcy cases is that compromise is favored. 10 Lawrence P. King, Collier on Bankruptcy, ¶9019.01 at 9019-2 (15th ed. Revised 1997). Courts have built on this policy by adopting the standards set forth in the U.S. Supreme Court decision, *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). In *TMT*, the Supreme Court held that a compromise would be approved by the bankruptcy court only after it:

> apprises itself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id*. At 424.

9. The Fifth Circuit standard has been stated in *Official Comm. Of Unsecured Creditors v. Cajun Electric Power Coop., Inc.*:

> (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law,
> (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and
> (3) all other factors bearing on the wisdom of the compromise.

119 F.3d 349 (5th Cir. 1997). *Id*. At 356. These factors have been summarized as requiring the compromise to be "fair and equitable" and "in the best interests of the estate." *TMT*, 390 U.S. at 424; *Cajun Elec.*, 119 F.3d at 355.

**WHEREFORE, PREMISES CONSIDERED, Stephen Smith**, Trustee, respectfully

requests that this Court enter an Order:

- Approving the settlement of the Trustee's preference claim against SBA;

- Approving the payment of $145,350.00 to the Trustee and SBA retaining $7,650.00 of said funds; and

- For such other relief as is deemed just.

**THIS** the _____ day of _____, 2026.

Respectfully submitted,

STEPHEN SMITH
CHAPTER 7 TRUSTEE

By:_____
EILEEN N. SHAFFER
Attorney for Trustee

EILEEN N. SHAFFER, MSB #1687
Post Office Box 1177
Jackson, Mississippi 39215-1177
Ph: (601) 969-3006
email: eshaffer@eshaffer-law.com

## CERTIFICATE OF SERVICE

I, Eileen N. Shaffer, Attorney for Trustee, do hereby certify that I have this date mailed by United States Mail, postage pre-paid, or electronically transmitted via CM/ECF, a true and correct copy of the above and foregoing *Motion for Approval of Compromise and Settlement* to the following, on the day and year hereinafter set forth:

> Thomas Carl Rollins, Jr., Esq.
> Attorney for Debtor
> trollins@therollinsfirm.com
>
> James E. Graves, III, Esq.
> U.S. Attorney's Office
> 501 E. Court St., Suite 4.430
> Jackson, MS 39201
> james.graves@usdoj.gov
>
> United States Trustee
> USTPRegion05.JA.ECF@usdoj.gov

**SO CERTIFIED**, this the _____ day of _____, 2026.

_____
EILEEN N. SHAFFER