# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | : Chapter 7 |
| KEY THERAPEUTICS, LLC, | : Case No. 26-00106-JAW |
| Debtor. | : |

## CENCORA GLOBAL PROCUREMENT, LTD.'S MOTION FOR AN EXTENSION OF TIME TO FILE PROOFS OF CLAIM BEYOND THE BAR DATE

Cencora Global Procurement, Ltd. ("CGP") by its attorneys, hereby moves the Court (the "Motion") to extend the time for it to file its proofs of claim beyond the March 26, 2026 bar date previously fixed by this Court, in accordance with Bankruptcy Rules 3003(c)(3) and 9006(b)(1). In support of the relief requested herein, CGP submits as follows:

## BACKGROUND

1.     On January 15, 2026 (the "Petition Date"), the above captioned debtor (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code. Stephen Smith (the "Trustee") was appointed as the Chapter 7 Trustee.

2.     On January 15, 2026 a Notice of Chapter 7 Bankruptcy Case – Proof of Claim Deadline Set [Docket No. 4] (the "Bar Date Notice") was filed with the Court. The Bar Date Notice set March 26, 2026 (the "Bar Date") as the last day for non-governmental entities to file claims and July 14, 2026 as the last day for governmental entities to file claims.

3.     CGP is a party to a certain Distribution Services Agreement with the Debtor dated July 16, 2024. Prior to that date, the Debtor operated under a Distribution Services Agreement with an entity related to CGP, AmerisourceBergen Drug Corporation ("Amerisource").

1

20210588.v1

4.      On January 26, 2026, the Debtor filed its schedules and statements [Docket No. 11] (the "Schedules and Statements"). In section 3.4 of the Schedules and Statements the Debtor listed Amerisource as having a valid claim of $190,999.97. The Schedules and Statements listed Amerisource at the address of AmerisourceBergen, PO Box 247, Thorofare, NJ 08086. The Schedules and Statements do not list CGP.

5.      CGP was not listed in the Schedules and Statements, therefore, it did not receive notice of the bankruptcy.

6.      Additionally, Amerisource, which is related to CGP, has not occupied the address in Thorofare, NJ that is listed in the Schedules and Statements since 2021. In connection with Amerisource's departure from the Thorofare location, they ended their use of the P.O. Box and the associated mail forwarding expired approximately September 11, 2023. Accordingly, Amerisource did not receive notice of the bankruptcy or the Bar Date Notice that was mailed to the Thorofare P.O. Box.

7.      CGP discovered the existence of the bankruptcy independently in June 2026.

8.      CGP possesses valid claims against the Debtor of at least $461,569.51 due to transactions with the Debtor prepetition.

9.      The Trustee has filed one objection to claims on June 22, 2026 seeking to deem a single claim as a late filed claim. Accordingly, the claims resolution process is in its infancy.

10.     CGP has contacted the Trustee who has indicated that any claim filed at this point would likely be objected to as a late filed claim.

## **RELIEF REQUESTED**

11.     By this Motion, CGP respectfully requests that this Court expand the Bar Date to allow the filing of its proofs of claim to be deemed timely filed. CGP's proofs of claim are

20210588.v1

attached as **Exhibit 1** to the proposed order which is attached hereto as **Exhibit A.**

## BASIS FOR RELIEF

12.     Bankruptcy Rule 3003(c)(3) authorizes the Court, for cause shown, to extend the time within which proofs of claim may be filed.  Bankruptcy Rule 9006(b)(1) provides that if the specified period has expired, the movant must show that "the failure to act was the result of excusable neglect."  This is indeed the case here.

13.     In Pioneer Investment Servs. v. Brunswick Assoc., 507 U.S. 380 (1993), the Supreme Court discussed Rule 9006(b)'s "excusable neglect" standard.  Specifically, the Court held that an attorney's inadvertent failure to timely file a proof of claim may constitute "excusable neglect" within the meaning of Bankruptcy Rule 9006(b).

14.     In construing the term "excusable," the Pioneer court explained that:

> [I]t is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1).  With regard to determining whether a party's neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. at 395

> 15. In construing the term "neglect," the Court stated as follows:

> [T]he rule grants a reprieve to out-of-time filings that were delayed by 'neglect'.  The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to especially through carelessness.'  Webster's Ninth New Collegiate Dictionary 791 (1983).  The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by

3

carelessness . . . Hence, by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control.

Id. at 388.

16.    Applying Pioneer's interpretation of the "excusable neglect" standard here, equity suggests that CGP's claims should be deemed timely filed because (a) there is no danger of prejudice to the estate by granting the Motion, (b) the length of delay between the Bar Date and the filing of CGP's claims is negligible and the claims resolution process is in its infancy, (c) The Trustee did not provide CGP notice of the bankruptcy.  Although service on a related entity is not proper service, the Trustee utilized an invalid address for an affiliate of CGP which did not result in such affiliate receiving notice of the Bar Date or the bankruptcy and (d) CGP acted in good faith and attempted to rectify the situation as early as possible.

### I. There is No Danger Of Prejudice to the Debtor

17.    The danger of prejudice to the debtor and the interest of efficient judicial administration is the primary factor that should be considered when analyzing motions for late claims under the Pioneer standard.  In re Celotex Corp., 245 B.R. 174, 179 (Bankr. M.D.Fla. 2000) (citing Sunset Vine Tower v. Celotex Corp., No. 99-10828, slip op. at 11-13, 196 F.3d 1262 (11th Cir. 1996)).  In re Smith, 200 B.R. 135, 137 (Bankr. S.D. Miss. (1996) (allowing a late claim filed where the trustee expected the claims).  Here, there is no risk of prejudice to the estate and thus the Motion should be granted.

18.    The Trustee has filed a single claims objection based solely on the timeliness of a claim.  Therefore, the claims administration process, if it has begun at all, is certainly in its infancy.  If CGP's claim is allowed, it will be dealt with in the same manner and on the same

time-frame that it would have been had it been timely filed. Therefore, allowing CGP's claims to be deemed timely filed will not delay the claims administration process in any way, will not result in prejudice to the estate, and will not negatively impact the administration of this case.

19.     The Trustee is aware of CGP's claims and will not be surprised by their inclusion. The Debtor scheduled an affiliate of CGP, Amerisource as having a claim. Therefore, the Debtor was certainly aware of claims that would be due from CGP although it scheduled those claims against the improper entity, in the improper amount, and utilizing an invalid address. Accordingly, the estate will not be prejudiced by the inclusion of CGP's claims.

## II. CGP's Delay in Filing This Motion is Insignificant.

20.     The Bar Date passed only on March 26, 2026. The Trustee did not serve CGP with notice of the bankruptcy. The address used for service of the Bar Date Notice on an affiliate of CGP is an address that Amerisource has not occupied in years. CGP independently became aware of the bankruptcy in June of 2026. CGP attempted to seek resolution of this matter with the Trustee on an informal basis and upon the failure of those attempts promptly filed this motion. The claims resolution has not advanced in any significant manner and certainly has not advanced since CGP's discovery of the bankruptcy.

## III. Reason for Delay

21.     CGP's failure to timely file its claims are a result of not receiving notice of the bankruptcy. As stated above, CGP was not served with notice of the bankruptcy. The Trustee did serve an affiliate of CGP at an old address that did not allow the affiliate, less yet CGP to receive notice. Any forwarding of mail also expired long before the Bar Date Notice was sent. CGP therefore did not receive notice of the bankruptcy or the deadline to file claims. CGP independently became aware of the bankruptcy filing in June and promptly acted to rectify the

20210588.v1

situation.

## IV. <u>Good Faith</u>

22.     There is no indication that CGP acted in bad faith in any way with respect to the filing of its claims past the bar date.  The delay in filing these claims was the result of the Debtor's inclusion of the wrong entity in the Schedules and Statements and utilizing a bad address for such entity.  CGP was not aware of the bankruptcy filing and thus failing to meet the Bar Date is not an indication of bad faith.  CGP's good faith is further demonstrated by the fact that it promptly alerted the Trustee as soon as possible and immediately took action to rectify such situation.  Therefore, this Court should hold CGP's actions to have been in good faith and approve the Motion.

## <u>CONCLUSION</u>

16.     Based on the foregoing, CGP submits that the estate will not suffer meaningful prejudice if the Court allows CGP's claims to be deemed timely filed and under the circumstances described herein.

WHEREFORE, CGP respectfully requests the Court enter an order deeming that CGP's proofs of claim, attached as Exhibit 1 to the proposed order attached hereto as Exhibit A, be deemed timely filed.

Dated: July 16, 2026

*/s/ James P. Wilson, Jr. (MSB 10783)*
James P. Wilson, Jr.
**MITCHELL MCNUTT**
P.O. Box 1366
Columbus, MS 39703
Telephone: (662) 328-2316
Facsimile:   (662) 328-8035
Email:      jwilson@mitchellmcnutt.com

-and-

Morton R. Branzburg (*pro hac vice* pending)
Michael W. Yurkewicz (*pro hac vice* pending)

6

20210588.v1

**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:      (215) 569-2700
Facsimile:      (215) 568-6603
Email:          mbranzburg@klehr.com
                myurkewicz@klehr.com

*Counsel to Cencora Global Procurement, Ltd.*

7

20210588.v1

## CERTIFICATE OF SERVICE

I, James P. Wilson, Jr., one of the attorneys for Cencora Global Procurement, Ltd., do hereby certify that I have served a true and correct copy of the above and foregoing instrument to all parties and counsel of record by placing said copy in the United States Mail, postage prepaid and/or electronic filing addressed to them at their usual addresses as follows:

> Thomas Carl Rollins, Jr.
> The Rollins Law Firm, PLLC
> PO BOX 13767
> Jackson, MS 39236
> VIA CM/ECF: trollins@therollinsfirm.com
> *Attorney for Debtor*
>
> Eileen N. Shaffer
> PO Box 1177
> Jackson, MS 39215-1177
> VIA CM/ECF: eshaffer@eshaffer-law.com
> *Attorney for Chapter 7 Trustee, Stephen Smith*
>
> United States Trustee
> 501 East Court Street
> Suite 6-430
> Jackson, MS 39201
> VIA CM/ECF: USTPRegion05.JA.ECF@usdoj.gov

Dated: July 16, 2026.

/s/ James P. Wilson, Jr.

8

20210588.v1