**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: August 28, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| KEY THERAPEUTICS, LLC, | : | Case No. 26-00106-JAW |
| | : | |
| Debtor. | : | |

**ORDER GRANTING CENCORA GLOBAL PROCUREMENT, LTD.'S MOTION FOR AN EXTENSION OF TIME TO FILE PROOFS OF CLAIM BEYOND THE BAR DATE**

This matter is before the Court on the motion of Cencora Global Procurement, Ltd.'s Motion for an Extension of Time to File Proofs of Claim Beyond the Bar Date (Dkt. #81). Movant represented to the Court that it served the motion in accordance with all applicable rules. No timely response was filed. Accordingly, the motion is granted.

IT IS THEREOFRE ORDERED and ADJUDGED that Cencora Global Procurement, Ltd.'s claims attached hereto as Exhibit 1 shall be deemed to be timely filed and Cencora Global Procurement, Ltd. is authorized to file such claims on the claims register.

**## END OF ORDER##**

Submitted by:

James P. Wilson, Jr.
**MITCHELL MCNUTT**
P.O. Box 1366
Columbus, MS 39703
jwilson@mitchellmcnutt.com
(662) 328-2316

**Fill in this information to identify the case:**

Debtor 1 Key Therapeutics, LLC

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: Southern District of Mississippi

Case number 26-00106-JAW

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Cencora Global Procurement, Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name: Mark J. Dorval | Name: Michael Ottomanelli |
| Number Street: 1 West First Avenue | Number Street: 1 West First Avenue |
| City: Conshohocken State: PA ZIP Code: 19428 | City: Conshohocken State: PA ZIP Code: 19428 |
| Contact phone 610-727-7000 | Contact phone 856-384-2299 |
| Contact email mark.dorval@cencora.com | Contact email michael.ottomanelli@cencora.com |

Uniform claim identifier (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

EXHIBIT 1

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 461,569.51. **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attachment A

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/09/2026 (MM / DD / YYYY)

/s/ Michael Ottomanelli

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Michael Ottomanelli (First name / Middle name / Last name)

Title: Authorized Representative

Company: Cencora Global Procurement, Ltd.

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 1 West First Avenue (Number Street)

Conshohocken (City) PA (State) 19428 (ZIP Code)

Contact phone: 856-384-2299 Email: michael.ottomanelli@cencora.com

Attachment to Proof of Claim

Debtor: Key Therapeutics, LLC
Case No. 26-00106-JAW

Cencora Global Procurement, Ltd. ("CGP") hereby submits this Proof of Claim in the above-captioned case. CGP's claim against Debtor is as follows and is based upon the following facts:

Basis for and Amount of Claim:

1. On January 15, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Court"). Stephen Smith (the "Trustee") was appointed as the Chapter 7 Trustee.

2. CGP is a party to a certain Distribution Services Agreement with the Debtor (the "DSA") whereby CGP purchases goods from the Debtor ("Goods") and distributes those Goods to retailers and others. Under the DSA, CGP is entitled to certain claims and credits (the "DSA Credits") including, but not limited to, prompt pay discounts, distribution fees, chargebacks, rejected inventory claims, inventory shortage claims, inventory price discrepancy claims, and returned product claims. Certain of the DSA Credits arise and accrue from time to time and can take a considerable amount of time to discover, such as returns of product from the end-customer to CGP.

3. CGP asserts a claim against the Debtor totaling $461,569.51 comprised of the following:

| Category | Reference | Net total |
|---|---|---|
| Chargeback | 1473 | $160,566.70 |
| Rebate | 86 | $116,904.22 |
| Return | 33 | $128,262.59 |
| Unposted Return | 1 | $5,449.00 |
| Unposted Rebates | 1 | $50,387.00 |
| Total | | $461,569.51 |

CGP reserves all rights to claim different amounts owed now or in the future. The actual figure that the Debtor owes CGP may be different than the amount set forth above, as the returns of inventory, purchased prepetition may be higher or lower than projected.

4. The documents supporting this claim include, among other things, the DSA, various purchase orders and invoices. These documents are voluminous and contain proprietary and confidential information, and will be provided upon written request after appropriate confidentiality measures are implemented.

Distributions:

5. Any distributions on account of this Proof of Claim should be directed as follows:

Michael Ottomanelli
Cencora Global Procurement, Ltd.
1 West First Avenue
Conshohocken, PA 19428

Reservation of Rights:

6. In executing and filing this Proof of Claim, CGP is not waiving in any manner or under any circumstances any security interest it now has or may be determined to have at any time, nor is it waiving any claim, action, or cause of action it may have against Debtor or any other entity or person, including the right to assert amounts in amounts different from the amounts set forth herein, nor is it waiving any defense, offset, recoupment, counterclaim or similar right or remedy it may now have or at any time has against Debtor or any other entity or person or with respect to any legal or equitable proceeding now existing or hereafter commenced. CGP reserves the right to amend or supplement this Proof of Claim in any respect including, but not limited to, the assertion, by proof of claim or other application to this Bankruptcy Court, for any amount that becomes due under any of the various agreements, pursuant to court order or otherwise, and continuing costs, fees and expenses (including legal fees and disbursements) arising in relation to the claims asserted herein or any of the agreements and the assertion of an administrative expense priority and adequate protection for any such claim or claims.