**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In re: | : | Case No. 26-00106 |
| **Key Therapeutics, LLC,** | : | Chapter 7 |
| Debtor. | : | |

**MOTION OF CARDINAL HEALTH FOR THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, FOR CAUSE, TO SET OFF MUTUAL PREPETITION OBLIGATIONS, OR, IN THE ALTERNATIVE, FOR RECOUPMENT OF PREPETITION CREDITS**

Cardinal Health[1], by and through its undersigned attorneys, hereby moves for the entry of an order granting it relief from the automatic stay, for cause, to set off mutual prepetition obligations, or, in the alternative, for recoupment of prepetition credits (the "Motion"), and in support thereof, respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (G).

4. The statutory predicates for the relief sought in this Motion are Sections 362(d)(1) and 553 of the Bankruptcy Code.

[1] "Cardinal Health" means the following affiliated operating companies: Cardinal Health 105, LLC; Cardinal Health 110, LLC and any other subsidiary of Cardinal Health, Inc., an Ohio corporation ("CHI"), as may be designated from time to time by CHI.

## BACKGROUND

### A. The Bankruptcy Case

5. On January 15, 2026 (the "Petition Date"), the Key Therapeutics, LLC (the "Debtor") commenced a case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Case").

### B. The Contracts Between the Debtor and Cardinal Health

6. The Debtor was the manufacturer of certain specialty pharmaceuticals products (the "Products").

7. The Debtor and Cardinal Health were parties to that certain Wholesale Purchase Agreement, as amended, effective as of September 23, 2022 (the "WSP"), pursuant to which the Debtor sold the Products to Cardinal Health under the terms and conditions therein.[2]

8. In relevant part, the WSP provides:

> §6. Cardinal Health retains the right to withhold payments, set-off amounts owed to Supplier against amounts owed to Cardinal Health, request a chargeback advance and/or cease its purchase relationship with Supplier based upon (a) Cardinal Health not receiving payment for amounts owed to it under this Agreement, or (b) other credit considerations deemed relevant by Cardinal Health. With respect to Cardinal Health's right of set-off, Cardinal Health and its affiliates, parent or related entities, collectively or individually, may exercise a right of set-off against any and all amounts due Supplier, without in any way limiting its rights under law or in equity. For purposes of this provision, Cardinal Health, its affiliates, parent and related entities, will be deemed to be a single creditor.

[2] The Debtor and Cardinal Health were also parties to that certain Developing Suppliers Program Distribution Services Agreement, as amended, dated September 23, 2022 (the "DSP Agreement"), and that certain National Logistics Center Agreement dated September 26, 2022 pursuant to which the Debtor agreed to utilize Cardinal Health's logistic center for its Products (the "NLCA", and together with the WSP and DSP, the "Agreements"), pursuant to which Cardinal Health provided certain services at the request of the Debtor, including logistics and inventory management services, administrative services, and financial services. All relevant provisions of the Agreements are quoted in the Motion. The Agreements are not attached hereto due to certain confidential and proprietary information contained therein. Upon information and belief, the Debtor has copies of the Agreements. Copies of the Agreements are available upon request, subject to Cardinal Health's right to seek redaction of all confidential and proprietary information.

***

> §8. Returned Goods and Recalls. Cardinal Health will have the right to return Products to Supplier for credit and Supplier will process and provide appropriate credits to Cardinal Health with respect to all Product returns, all in accordance with this Section 8 and Cardinal Health's return goods policy (the "Return Goods Policy") in effect at the time of the return.

9. According to Cardinal Health's books and records, Cardinal Health was owed, prepetition, the gross amount of $500,912.13 by the Debtor resulting from Product returns by customers (the "Prepetition Balance") under the WSP. Likewise prepetition, Cardinal Health owed the Debtor $162,461.40 for the purchase of Products (the "Credit Balance"). Thus, the net amount due *to* Cardinal Health by the Debtor as of the Petition Date, after application of the Credit Balance against the Prepetition Balance, was $ 338,450.73. *See* Summary of Charges and Detail attached hereto as Exhibit A.[3]

10. On May 22, 2026, Cardinal Health first learned that the Debtor was in bankruptcy when it received a demand letter from Citizens Bank of Philadelphia (the "Bank") seeking payment of sums allegedly due to the Debtor. It is Cardinal Health's position that no money is owed to the Debtor or the Bank because Cardinal Health has the right to setoff the Credit Balance against the Prepetition Balance.

**B. Relief Sought**

11. By this Motion, Cardinal Health seeks relief from the automatic stay to set off the Credit Balance against the Prepetition Balance, or, in the alternative, to recoup.

---

[3] Cardinal Health submits this summary of voluminous documents pursuant to Fed. R. Evid. 1006. Upon information and belief, the Debtor has copies of the invoices and offsetting credit documentation, Cardinal Health will provide the same upon request of the Debtor and/or the Bankruptcy Court.

## LEGAL ARGUMENT

**A. Pursuant to Section 553 of the Bankruptcy Code and Applicable Non-Bankruptcy Law, Cardinal Health is Entitled to Setoff the Credit Balance Against the Prepetition Claim.**

12. The right of setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank v. Strumpf*, 516 U.S. 16, 18 (1995).

13. A creditor's contractual or common law right of setoff is preserved under the Bankruptcy Code. Section 553 of the Bankruptcy Code provides, in pertinent part:

> [e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . .

11 U.S.C. § 553(a); *Strumpf*, 516 U.S. at 18.

14. Section 553 does not create a right of setoff, but merely preserves the right of setoff available under the law of the state where the operative facts occurred. *In re England Motor Co.,* 426 B.R. 178, 186 (Bankr. N.D. Miss. 2010).

15. In this case, since both the Prepetition Balance and the Credit Balance arose prepetition, and the parties hold these mutual obligations in the same rights and capacities, Cardinal Health submits that it has the right to set off the Credit Balance against the Prepetition Balance.

16. These reciprocal obligations are valid and enforceable obligations that arose prepetition in the ordinary course of the parties' business dealings. Each party is indebted to the other on account of such obligations in its own name and not as a fiduciary. Accordingly, Cardinal

Health has valid setoff rights against the Debtor, which rights are preserved under section 553(a) of the Bankruptcy Code.

**B. Relief from the Automatic Stay Should Be Granted to Permit Cardinal Health to Exercise Its Valid Setoff Rights Against the Debtor, Pursuant to Section 362(d)(1) of the Bankruptcy Code.**

17. Pursuant to Section 362(d) of the Bankruptcy Code, a party with an interest in property of the estate may request relief from the stay "for cause, including lack of adequate protection of an interest in property . . . ." 11 U.S.C. § 362(d)(1).

18. The existence of the right of setoff constitutes "cause" sufficient to grant stay relief to permit setoff of mutual debts. See, e.g., *In re Morris*, 616 B.R. 499 (Bankr. N.D. Miss. 2020). Courts have generally concluded that, by demonstrating its right of setoff, a creditor makes a prima facie showing of cause for stay relief. *In re Nuclear Imaging Sys., Inc.,* 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000) *citing In re Orlinski,* 140 B.R. 600, 603 (Bankr.S.D.Ga.1991) ("By establishing its right of setoff, the IRS has made a prima facie showing of 'cause' for relief from stay under § 362(d)(1)"); *In re Coleman,* 52 B.R. 1, 3 (Bankr. S.D. Ohio 1985); *In re Flanagan Bros., Inc.,* 47 B.R. 299, 303 (Bankr.D.N.J.1985); *see, e.g.*, *In re England Motor Co.,* 426 B.R. 178 (Bankr. N.D. Miss. 2010); *Matter of Corland Corp.,* 967 F.2d 1069, 1076 (5th Cir. 1992) ("The automatic stay, however, 'does not defeat the right of setoff; rather, setoff is merely stayed pending an 'orderly examination of the debtor's and creditor's rights.'").

19. As set forth above, Cardinal Health has demonstrated its right of setoff, thereby showing cause for relief from the stay under Section 362(d)(1) of the Bankruptcy Code.

**C. In the Alternative, Recoupment is Permitted Because the Parties' Claims Arise from Integrated Transactions.**

20. If the Court determines that setoff is not permitted, Cardinal Health requests permission to recoup the Credit Balance against the Prepetition Balance. Cardinal Health seeks the

Court's permission to recoup out of an abundance of caution, although exercising a right of recoupment does not require relief from the automatic stay. *In re Univ. Med. Ctr.*, 973 F.2d 1065 (3d Cir. 1992).

21. Cardinal Health is entitled to recoup any amounts it otherwise would have paid to the Debtor. Recoupment "is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim." 4 COLLIER ON BANKRUPTCY § 553.03, at 553-15-17 (emphasis added). *See In re Univ. Med. Ctr.,* 973 F.2d at 1079. Thus, so long as the creditor's claim arises out of the identical transaction as the debtor's, that claim may be offset against the debt owed to the debtor, without concern for the limitations put on the doctrine of setoff by Code section 553. *In re Davidovich,* 901 F.2d 1533, 1537 (10th Cir. 1990). Further, an express contractual right is not necessary to effect a recoupment. *See In re Holford*, 896 F.2d 176, 178 (5th Cir. 1990) (where the Fifth Circuit held that when a creditor's claim against a debtor arises from the same transaction or contract as the debtor's claim against the creditor, it is a recoupment rather than a setoff, and therefore does not violate the bankruptcy automatic stay). Recoupment is used when it is inequitable for the debtor to enjoy the benefits of a transaction without meeting its obligations. *In re TLC Hospitals, Inc.*, 224 F.3d 1008, 1014 (9th Cir. 2000).

22. Here, the dealings between the parties fall within the "single transaction" requirement for the right to recoup. *Sommers v. Concepcion,* 20 S.W.3d 27, 35 (Tex. Ct. App. 2000) (recoupment requires a single transaction).

23. The Prepetition Balance arises from the return of Products by customers serviced by Cardinal Health under the WSP, while the Credit Balance arises from amounts owed to the Debtor from the purchase of the Products. In the ordinary course of business, as Products were

returned, the related credits were regularly deducted from the purchase of Products made by Cardinal Health, in a continuing series of transactions between the parties. The Prepetition Balance and Credit Balance, respectively, are consistent with, and arise from, interrelated purchase transactions in the ordinary course and are, therefore, eligible for recoupment.

24. Given the complex history of the parties' business dealings, transactions are neither infrequent nor "one-off," but are regularly interconnected and strictly related to each other under the terms of the WSP and otherwise through the parties' regular business dealings. Because the relationship between the parties was fluid and ongoing, it was nearly impossible to break down each singular purchase or credit independently to determine a single stand-alone transaction. Accordingly, Cardinal Health is entitled to recoup all of these amounts. Indeed, the overall business relationship between the parties cannot be fully understood without the claims and credits. Consequently, the aforementioned transactions were regularly conducted as contemplated between Cardinal Health and the Debtor and are, therefore, integral to the parties' dealings.

25. Further, the principles of equity favor recoupment in this case to prevent the Debtor or the Bank[4] from receiving a windfall under an agreement it reached with the Debtor. The Credit Balance extended by Cardinal Health to the Debtor was part of the regular business dealings between the parties. If Cardinal Health is not permitted to recoup its Credit Balance against its Prepetition Balance and instead must pay the Bank the full amount of the Credit Balance, the Bank will receive an inequitable windfall for the value of the Credit Balance.

26. Consequently, Cardinal Health should be permitted to recoup the Credit Balance against the Prepetition Balance.

**WAIVER OF BANKRUPTCY RULE 4001(A)(3)**

[4] *See Agreed Order on Citizens Bank's Motion for Relief From Stay and Abandonment Regarding Accounts Receivable* [Dkt. No. 65].

27. Cardinal Health requests a waiver of Bankruptcy Rule 4001(a)(3).

28. Bankruptcy Rule 4001(a)(3) provides that "[an] order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of fourteen days after entry of the order, unless the court orders otherwise."

29. Because Cardinal Health has established a *prima facie* case for relief from the stay, for cause, Cardinal Health submits that it is appropriate for this Court to waive the fourteen-day stay under Bankruptcy Rule 4001(a)(3), and permit Cardinal Health to immediately exercise its rights of setoff or, in the alternative, for recoupment.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Cardinal Health respectfully requests that this Court enter an Order granting:

A. Cardinal Health relief from the automatic stay, for cause, pursuant to Section 362(d)(1) of the Bankruptcy Code, to set off the Credit Balance against the Prepetition Balance, or, in the alternative, for recoupment, and

B. Such other and further relief as the Court deems just and proper.

Dated: September 18, 2026.

Respectfully Submitted,

**CARDINAL HEALTH**

By: */s/ James A. McCullough, II*
One of Its Attorneys

OF COUNSEL:

James A. McCullough, II (MSB # 10175)
jmccullough@brunini.com
**BRUNINI, GRANTHAM, GROWER & HEWES, PLLC**
190 East Capitol Street, Suite 100 (39201)

Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

-AND-

**CHIESA SHAHINIAN & GIANTOMASI PC**
Scott A. Zuber, Esq. (admitted in New Jersey only)
Terri Jane Freedman (admitted in New Jersey only)
105 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
szuber@csglaw.com
tfreedman@csglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date caused to be filed a true and correct copy of the foregoing with the Clerk of the Court using the Court's electronic filing system, which caused notice of such filing to be delivered electronically to all counsel of record.

Dated: September 18, 2026.

*s/ James A. McCullough, II*
James A. McCullough, II