**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**In Re:**

| | | |
|---|---|---|
| **KEY THERAPEUTICS, LLC** | **Case No.:** | **26-00106-JAW** |
| **DEBTOR.** | **Chapter:** | **7** |

---

## CITIZENS BANK'S RESPONSE TO CARDINAL HEALTH'S MOTION FOR THE ENTRY OF AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY, FOR CAUSE, TO SET OFF MUTUAL PREPETITION OBLIGATIONS, OR, IN THE ALTERNATIVE, FOR RECOUPMENT OF PREPETITION CREDITS

---

The Citizens Bank of Philadelphia ("Citizens Bank") responds and objects to the *Motion for the Entry of an Order Granting Relief from Automatic Stay, for Cause, to Set Off Mutual Prepetition Obligations, or, in the Alternative, for Recoupment of Prepetition Credits* (the "Motion"). In support of this objection, Citizens Bank states as follows:

1. Key Therapeutics, LLC (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, Title 11, on January 15, 2026.

2. Citizens Bank is a creditor of the Debtor as shown by amended Proof of Claim 2.

3. On April 14, 2026, the Court entered an agreed order as to Citizens Bank's stay lift motion (Dkt. # 65), abandoning all accounts receivable of the Debtor from the bankruptcy estate and lifting the stay to "allow[] Citizens Bank to directly obtain, secure, collect and apply for all purposes all accounts receivable and amounts owed or becoming owed to the Debtor as accounts receivable in order to permit

Citizens Bank to apply the amounts to the Indebtedness owed by the Debtor to Citizens under the Loan and terms and conditions of the Loan Documents identified and described in the Motion and in Citizens' duly filed Proof of Claim." *Id.*

4. Accordingly, since that time Citizens Bank has pursued recovery of the accounts receivable of the Debtor pursuant to the Court's Order and the terms of the loan documents.

5. The schedules of the Debtor show that Cardinal Health holds an unsecured claim that is disputed by the Debtor of $52,303.47. (Dkt. # 72 at 3). The Debtor's schedules also indicate that Cardinal Health owes to the Debtor $156,980.54. (Dkt. # 11 at 5). Furthermore, the schedules and the Motion itself both show that there are multiple entities that comprise "Cardinal Health" for purposes of the Motion.

6. Soon after the filing of the Motion, Citizens Bank contacted counsel for Cardinal Health and requested the supporting documents that would purportedly prove the right to setoff and/or recoupment. To date, Cardinal Health has provided documents, with the most recent documents produced to Citizens Bank this morning, November 9, 2026, but it is unclear yet whether these documents support the Motion. That said, Citizens Bank and Cardinal Health have to date been working in good faith toward resolution.

7. Because Citizens Bank is, as of now, unable to verify that the contracts and documents referenced in the Motion entitle it to the relief requested, Citizens Bank objects.

8. As stated in Cardinal Health's motion, the lifting of the stay in this instance requires the movant to show "cause" under 11 U.S.C. § 362(d). (Dkt. # 95, ¶ 17). Cardinal Health has alleged that it is entitled to relief "by demonstrating its right of setoff." (*Id.*, ¶ 18). It has not done so at this time.

9. Cardinal Health has stated unsupported amounts that are claimed to be correct, but the Court and parties are entitled to verify the accuracy and validity of the claim. Cardinal Health's Motion cites Federal Rule of Evidence 1006 for its summary submission; however, that provision states clearly in subsection (b):

> The proponent must make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

10. Cardinal Health has the initial burden of proof on this issue, and it has yet to carry it. *In re Haydel Properties, LP,* 2017 WL 1155690 at *2 (Bankr. S.D. Miss. Mar. 27, 2017)("the party requesting relief from the automatic stay must sustain an initial burden of production or going forward with the evidence to establish that a prima facie case for relief exists" (internal quotation omitted)).

For these reasons, and others to be stated at a hearing on this motion, Citizens Bank respectfully requests that this Court deny Cardinal Health's Motion unless and until the movant demonstrates a right to the relief requested.

Dated: November 9, 2026

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: *<u>/s/Andrew R. Norwood</u>*
Sarah Beth Wilson (MSB 103650)
Andrew R. Norwood (MSB 105087)
PHELPS DUNBAR, LLP
1905 Community Bank Way, Suite 200
Flowood, MS 39232
Telephone: (601) 360-2300
Facsimile: (601) 360-9777
sarah.beth.wilson@phelps.com
drew.norwood@phelps.com

*Attorneys for The Citizens Bank of Philadelphia*

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing pleading was filed through CM/ECF, which sent notice to all counsel of record.

Dated: November 9, 2026. *\/s/ Andrew R. Norwood*